J-S57022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DESTINI ALLEN | |
| Appellant | No. 435 EDA 2017 |

Appeal from the Order Dated December 23, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-SA-0003487-2016

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

JUDGMENT ORDER BY SOLANO, J.:          **FILED NOVEMBER 27, 2017**

*Pro se* Appellant Destini Allen appeals from the order of the trial court dismissing the appeal of her convictions for violations of the Vehicle Code.[1] We affirm.

On September 10, 2016, Appellant was issue citations for violating 75 Pa.C.S. § 6308(a) (duties upon investigation by police officers) and 75 Pa.C.S. § 1543(a) (driving while operating privilege is suspended or revoked). The citations stated that Appellant's summary trial was scheduled to be held in the Traffic Division of the Philadelphia Municipal Court on November 14, 2016, and instructed Appellant that, "If you fail to appear for the trial, you are consenting to the trial in your absence." Appellant did not

_____

[1] 75 Pa.C.S. §§ 101-9901.

appear on November 14, 2016, for her summary trial, and was accordingly found guilty *in absentia*.

On November 30, 2016, Appellant appealed her convictions to the Court of Common Pleas of Philadelphia County. The bottom of the appeal form signed by Appellant included a "Hearing Notice" that instructed her to appear in court on December 23, 2016, at 9:00 a.m., and informed her that "Your appeal may be denied or dismissed if you fail to appear for the conference or trial." Appellant failed to appear on that date, and the trial court accordingly dismissed her appeal and issued an order stating, "the judgment of the Municipal Court Traffic Division is entered as the judgment of the Court of Common Pleas."

On January 23, 2017, Appellant filed a notice of appeal to this court. On January 30, 2017, the trial court issued an order requiring Appellant to "file no later than February 20, 2017" a Pa.R.A.P. 1925(b) statement of issues complained of on appeal. Appellant filed a statement with the trial court which is dated February 20, 2017,[2] but the statement was stamped by the court as "Received" on February 21, 2017, and the trial court's docket lists it as having been filed on that date. The statement therefore was not filed by the February 20, 2017 filing deadline set by the trial court. On March 9, 2017, the trial court issued a Pa.R.A.P. 1925(a) opinion stating that

---

[2] The statement was not titled and does not conform to Pa.R.A.P. 1925(b). We elect to liberally construe the substance of Appellant's statement as an attempt to identify the issues that she wished to raise on appeal.

it had not received Appellant's statement of issues and that all issues therefore were waived.[3]

Appellant's *pro se* brief explains her absences from court and discusses the underlying events leading to her convictions, but it does not address the timeliness of her Rule 1925(b) statement.

Pursuant to Rule 1925 of the Rules of Appellate Procedure, failure to timely comply with the court's order to file a Rule 1925(b) statement results in appellate waiver. **See** Pa.R.A.P. 1925 (b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"); **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925") (quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)). This bright line rule applies even to those who have filed an appeal *pro se* and even when a statement is filed only one day late. **See Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005); **Commonwealth v. Boniella**, 158 A.3d 162, 164 (Pa. Super. 2017) (holding *pro se* defendant waived issues because Rule 1925(b) statement was filed one day late). Under these

---

[3] In a footnote, the trial court also noted that Appellant's appeal should be dismissed for her failure to order the transcript of the trial court proceeding on December 23, 2016.

decisions, we therefore are constrained to hold that Appellant may not obtain appellate relief.[4]

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/27/2017</u>

---

[4] We have reviewed Appellant's brief and the record. In her brief, Appellant does not contest that she was driving a vehicle while her license had been suspended and also does not contest that she missed the December 23, 2016 court appearance. Although she claims that she tried to get the court date changed because of her employment obligations, no formal application for a date change appears in the record. Therefore, even if Appellant had not failed to meet the deadline for filing her Rule 1925(b) statement, she would not be entitled to relief.