J-A29040-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FREDERICK JOHN DAVIS, | : | |
| | : | |
| Appellant | : | No. 652 EDA 2017 |

Appeal from the PCRA Order January 17, 2017
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000651-2005

BEFORE:    LAZARUS, PLATT,* and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 04, 2017**

Frederick John Davis (Appellant) appeals from the January 17, 2017 order[1] that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2005, following convictions for, *inter alia*, first-degree murder, Appellant was sentenced to life imprisonment.  This Court affirmed Appellant's judgment of sentence in 2007.  **Commonwealth v. Davis**, 943 A.2d 311 (Pa. Super. 2007) (unpublished memorandum).  Appellant did not seek review in our Supreme Court; rather, he instead litigated various motions and petitions in the trial and appellate courts.  For example, in September 2012, Appellant filed in the Commonwealth Court a petition for return of property, alleging

---

[1] The order is dated January 13, 2017, but was not filed until January 17, 2017.  We have amended the appeal paragraph accordingly.

*Retired Senior Judge assigned to the Superior Court.

that $866.99 had been deducted improperly from his inmate account at SCI Somerset. The petition ultimately was dismissed in April 2015. In July 2015, our Supreme Court denied Appellant's petition to appeal the Commonwealth Court's decision *nunc pro tunc*, and on August 27, 2015, denied Appellant's petition for reconsideration of that denial.

Appellant filed the petition that is the subject of the instant appeal on August 26, 2016.[2] The PCRA court appointed counsel and issued notice of its intent to dismiss the petition without a hearing as untimely filed. Counsel filed an amended petition, and on January 13, 2017, the PCRA court held a hearing concerning the timeliness exceptions asserted by counsel. On January 17, 2017, the PCRA court entered an order dismissing Appellant's petition.

Appellant timely filed a notice of appeal. On February 16, 2017, the PCRA court pursuant to Pa.R.A.P. 1925(b) ordered Appellant to file a concise statement of errors complained of on appeal within 21 days. Appellant filed his statement late, on March 13, 2017, and the PCRA court issued a statement pursuant to Pa.R.A.P. 1925(a).[3]

---

[2] The petition was not docketed until August 31, 2016, but the PCRA court determined that it was filed on August 26, 2016, pursuant to the prisoner mailbox rule. **Commonwealth v. Little**, 716 A.2d 1287, 1288 (Pa. Super. 1998) ("The prisoner mailbox rule provides that the date of delivery of the PCRA petition by the defendant to the proper prison authority or to a prison mailbox is considered the date of filing the petition.").

[3] Counsel's untimely filing of the 1925(b) statement was *per se* ineffective assistance of counsel; however, because the PCRA Court addressed the issue raised in the late-filed statement, we need not remand pursuant to Pa.R.A.P.

Appellant presents this Court with the following question: "Did the PCRA court err and abuse its discretion by not allowing [] Appellant's PCRA petition to go forward where such decision was based on a misapplication of the timeliness rules of the Act?" Appellant's Brief at 4 (unnecessary capitalization omitted).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). "[I]f a PCRA petition is untimely [filed], neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

Appellant first contends that his petition was not filed untimely because his judgment of sentence did not become final until after August 27, 2015, "with the denial of the last appeal" by our Supreme Court. Appellant's Brief at 10. With no citation to authority, Appellant claims that his filing of "a never

---

1925(c)(3). *See*, *e.g.*, *Commonwealth v. Boniella*, 158 A.3d 162, 164 (Pa. Super. 2017) (providing that, pursuant to Rule 1925(c)(3),"we consider untimely counseled Rule 1925(b) statements on the basis of judicial economy").

- 3 -

ending series of court documents since the time of his conviction" prevented his judgment of sentence from becoming final. *Id.* at 9. Again citing no support in the law, Appellant urges this Court to "determine that the stream of prior cases was sufficient to prevent the case from running afoul of the one year filing period." *Id.* at 10.

The language of the PCRA is clear: "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

> In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing.

*Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. 2014).

Appellant filed a direct appeal. This Court affirmed his judgment of sentence by memorandum decision filed on October 4, 2007. Hence, Appellant's judgment of sentence became final for purposes of the PCRA when the period of time to petition our Supreme Court for allowance of appeal elapsed on Monday, November 5, 2007. *Commonwealth v. Rojas*, 874 A.2d 638, 643 (Pa. Super. 2005).

We reject out of hand the notion that Appellant's 2012 filing in the Commonwealth Court of a petition to return money to his inmate account, and

our Supreme Court's ultimate denial in August 2015 of a petition for reconsideration of its denial of Appellant's petition to appeal *nunc pro tunc* the dismissal of his action to retrieve the property, had any effect on the finality of Appellant's judgment of sentence. Appellant's 2016 petition is facially untimely.

Appellant nonetheless contends that the PCRA court should have proceeded to examine the merits of Appellant's claims because he satisfied one of the statutory timeliness exceptions. Appellant invokes the government-interference exception found at 42 Pa.C.S. § 9545(b)(1)(i) ("[T]he failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States."). Specifically, Appellant contends that the Commonwealth failed to turn over exculpatory evidence in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963). Appellant's Brief at 10-11.

> It is well-settled that a ***Brady*** violation can fall within the governmental interference exception. However, [an a]ppellant only has sixty days after the discovery of the information to file his PCRA and he must plead and prove that the information could not have been discovered earlier with the exercise of due diligence.

***Commonwealth v. Sattazahn***, 869 A.2d 529, 534 (Pa. Super. 2005) (citations omitted). Furthermore, "there is no ***Brady*** violation where the

parties had equal access to information or if the [a]ppellant knew of or could have uncovered the evidence with reasonable diligence." *Id.*

Neither in his brief nor his petition does Appellant state when he discovered the absence of the *Brady* materials at issue[4] or claim that he filed within 60 days of the discovery, let alone explain why he could not have discovered them earlier with the exercise of due diligence. Appellant acknowledges that he previously requested the specific items at issue by filing "numerous requests for information and discovery, both prior and subsequent to trial, which requests have consistently been denied." Petition to Allow PCRA, 11/10/2016, at ¶ 19. The PCRA court did not err in holding that these allegations do not satisfy the governmental interference exception to the PCRA's timeliness requirements.[5]

---

[4] Appellant refers to the following materials in relation to his *Brady* claim: "transcripts of a co-defendant[']s earlier trial, a full transcript of his own trial, medical reports referenced in other documents but never provided to him, DNA testing, and most importantly, a liver temperature test of the victim of the homicide performed during the autopsy." Appellant's Brief at 12. We note that he previously litigated in his direct appeal a *Brady* claim at least as to the liver temperature test, and this Court held that, even if the evidence existed, there is "no indication that it was material to Appellant's guilt or punishment." *Davis*, 943 A.2d 311 (unpublished memorandum at 4).

[5] Although Appellant does not discuss any other timeliness exceptions in his appellate brief, we note that, with no averments about when he discovered the evidence or how he exercised due diligence, the allegations also fail to satisfy the newly-discovered-facts exception codified at 42 Pa.C.S. § 9545(b)(1)(ii).

Because Appellant's petition was filed untimely and he failed to establish a viable exception, the PCRA court was without jurisdiction to entertain the merits of Appellant's claims, and properly dismissed it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 12/4/2017