J-S39029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SIR ANTHONY JOHNSON | : | |
| | : | |
| Appellant | : | No. 159 MDA 2018 |

Appeal from the PCRA Order January 5, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000462-2015,
CP-35-CR-0001855-2011, CP-35-CR-0002888-2009,
CP-35-CR-0002889-2009

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 07, 2018**

Sir Anthony Johnson (Appellant) appeals *pro se* from the order

dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA),

42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We summarize the relevant facts and procedural history as follows.  On

September 9, 2016, Appellant pled guilty to one count of possession with the

intent to deliver a controlled substance[1] at docket number CP-35-0000462-

2015.  On November 1, 2016, the trial court sentenced Appellant to five to

ten years of incarceration followed by two years of probation.  Additionally,

the trial court revoked Appellant's probation at docket numbers CP-35-CR-

0001855-2011, CP-35-CR-0002888-2009, and CP-35-CR-0002889-2009, and

---

[1]  35 P.S. § 780-113(a)(30).

resentenced him to an additional consecutive term of five years of probation. Appellant did not file a direct appeal.

On May 19, 2017, Appellant filed a *pro se* PCRA petition and on June 9, 2017, the PCRA court appointed counsel to represent Appellant in his PCRA proceedings. On July 24, 2017, PCRA counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On November 29, 2017, after confirming that PCRA counsel's petition to withdraw and no-merit letter satisfied the technical mandates of **Turner/Finley** and conducting an independent review of the record, the PCRA court entered an order granting PCRA counsel's petition to withdraw. The same day, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On December 22, 2017, Appellant filed a response to the PCRA court's Rule 907 notice. On January 5, 2018, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed.

On January 24, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. As of the date the PCRA court transmitted the record to this Court, Appellate had not filed a Rule 1925(b) statement.

On appeal, Appellant presents the following issue for review: "Did PCRA [c]ounsel render ineffective assistance by not raising guilty plea counsel's ineffectiveness for advising [Appellant] to enter an unenforceable plea." Appellant's Brief at 4. However, we are precluded from reviewing this claim because, by failing to file a Rule 1925(b) statement, Appellant has failed to preserve it.

It is well-settled that "in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). In *Commonwealth v. Hill*, 16 A.3d 484 (Pa. 2011), our Supreme Court explained:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule.

*Id.* at 494 (footnote omitted).

Because the PCRA court ordered Appellant to file a Rule 1925(b) statement and he failed to do so, Appellant has waived all issues on appeal. Accordingly, Appellant is not entitled to relief.[2]

Even if he had preserved the issue he raises in his appellate brief, Appellant would not be entitled to relief. Although his brief is far from clear, as best we can discern, Appellant argues that his plea counsel was ineffective for failing to ensure that he received a boot camp sentence in accordance with his plea agreement. *See Commonwealth v. Hernandez*, 79 A.3d 649, 653 (Pa. Super. 2013) ("right to competent counsel extends to the plea bargain process"). Appellant also asserts that counsel's alleged error caused his plea to be unknowing, involuntary, and unintelligent. The record, however, does not support these claims.

The record reflects that Appellant's written plea agreement only indicated that he would be boot camp **eligible**, it did not guarantee him a boot camp sentence. Plea Agreement, 9/9/16, at 2. The trial court, pursuant to the agreement, did indeed make Appellant boot camp eligible. N.T.,

_____

[2] Appellant's *pro se* status does not relieve him of his duty to comply with Pa.R.A.P. 1925(b). Although counsel can be ineffective *per se* for failing to file a Rule 1925(b) statement, "[i]t is a longstanding principle that a *pro se* litigant cannot be ineffective on his or her own behalf." *Commonwealth v. Boniella*, 158 A.3d 162, 164 (Pa. Super. 2017). Thus, this Court has declined to review issues raised by a *pro se* appellant where the appellant has failed to comply with the mandates of Rule 1925(b). *Id.*

11/1/16, at 5. Thus, Appellant received the benefit of his plea agreement and plea counsel was not ineffective.

Finally, our review of both the oral and written guilty plea colloquies confirms that Appellant's guilty plea was knowing, voluntary, and intelligent. The record reveals that the trial court specifically addressed with Appellant the six subjects required by Rule 590 of the Pennsylvania Rules of Criminal Procedure, including that Appellant understood the nature of the charges to which he pled guilty, the factual basis for the plea, that he had the right to trial by jury, that he is presumed innocent until found guilty, the permissible range of sentences for the offense charged, and that the trial court was not bound by the terms of the plea agreement. N.T., 9/9/16, at 2-7; Written Plea Colloquy, 9/9/16, *see also* Pa.R.Crim.P. 590.

For the above reasons, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2018

- 5 -