J-S65031-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEROME DOLNEY | : | |
| | : | |
| Appellant | : | No. 297 MDA 2018 |

Appeal from the Judgment of Sentence June 13, 2017
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000124-2016

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: JANUARY 28, 2019**

Jerome Dolney appeals from the judgment of sentence entered following his jury-trial convictions for receiving stolen property, retail theft, theft by unlawful taking, and conspiracy.[1] Because Dolney failed to serve the trial judge with a copy of his Pennsylvania Rule of Appellate Procedure 1925(b) statement, he has waived his claims. We affirm.

On March 24, 2017, a jury found Dolney guilty of the above-referenced offenses. On June 9, 2017, the trial court sentenced Dolney to an aggregate sentence of not less than 52 months nor more than 12 years' imprisonment. Dolney's counsel filed a post-sentence motion and Dolney filed *pro se* post-

---

[1] 18 Pa.C.S.A. §§ 3925(a), 3929(a)(1), 3921(a), and 903, respectively. Dolney was convicted of one count of receiving stolen property, two counts of retail theft, one count of theft by unlawful taking, and four counts of conspiracy.

sentence motions. On September 27, 2017, the court granted Dolney's counsel permission to withdraw. The certified record does not contain a transcript of a **Grazier**[2] hearing. However, the order permitting counsel to withdraw states:

> [A]fter an on-the-record colloquy, the Court grants the Defendant's motion to proceed *pro se*, and [counsel] is given permission to withdraw as counsel for the Defendant.

Order, Sept. 27, 2017 (italics added). At the hearing on the post-sentence motions, the trial court referenced the prior **Grazier** hearing and again questioned Dolney as to whether he wished to continue *pro se*. N.T., 10/3/17, at 5-6. Although Dolney stated he was interested in obtaining private counsel, he stated that he wished to proceed *pro se* at the hearing on the post-sentence motions. **Id.** at 6-7. After the hearing, the trial court denied the post-sentence motions. Dolney filed a timely notice of appeal.

The trial court ordered Dolney to file a Rule 1925(b) statement. The order included the following language:

> 1. The Appellant shall, within twenty-one (21) days of the date entry of this Scheduling Order, file of record in the lower court a concise statement of the errors complained of on appeal ("Statement").
>
> 2. The Statement shall be served on the judge or judges who entered the order or orders giving rise to the appeal in accordance with the provisions of Pa.R.A.P. 1925(b)(1).
>
> 3. Any issue not properly included in the Statement timely filed and served pursuant to the provisions of this Order shall be deemed waived.

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

4. The Statement shall fully comply with the provisions of Pa.R.A.P. 1925(b)(4).

Order, Dec. 14, 2017. The Union County Clerk of Courts sent this Order to the parties on December 15, 2017.

Dolney filed his Rule 1925(b) Statement with the Clerk of Courts. The envelope in which the document arrived had a post-mark of January 5, 2018, and Dolney included a cash slip, which had a date stamp of January 4, 2018. The Housing Unit Commanding Officer signed the date stamp. The Clerk of Courts docketed the Statement on January 9, 2018. The certificate of service attached to the document states Dolney enclosed two copies of the document and lists the Clerk of Courts as the only recipient.

On January 19, 2018, the trial court issued a Rule 1925(a) opinion stating Dolney had waived his appellate issues because he failed to file a 1925(b) statement. Opinion Pursuant to Pa.R.A.P. 1925(a), Jan. 19, 2018, at 2. After receiving a copy of the Rule 1925(b) statement, the trial court issued a supplemental Rule 1925(a) opinion stating the issues were waived because Dolney failed to timely file a Rule 1925(b) statement. Supplemental Opinion, Feb. 12, 2018, at 1.

Dolney subsequently filed a motion for appointment of counsel, and the trial court appointed counsel, who filed an appellate brief.

Dolney raises the following issues on appeal:

I. Did the trial court abuse its discretion when it sua sponte acted to sever properly joined co-defendants absent a motion to sever or an on-the-record finding of prejudice pursuant to Pa. R. Crim. P. 583?

II. Did the trial court err when it denied [Dolney's] motion to suppress or exclude evidence gathered in violation of the United States and Pennsylvania Constitutions?

III. Did the Trial Court abuse its discretion by permitting the jury to view, hear narrative testimony regarding, and subsequently admitting into evidence video recordings that were not properly authenticated pursuant to Pa. R. Crim. P. 901 and over the continuing objection by [Dolney]?

IV. Did the Trial Court abuse its discretion by denying [Dolney's] post-sentence motion requesting a new trial based on the Commonwealth's [**Brady v. Maryland**, 373 U.S. 83 (1963)] violation regarding evidence that a witness may have been under the influence of a controlled substance at the time of her trial testimony.

Dolney's Br. at 6-8.

Before we may address the merits of Dolney's issues, we must determine whether he properly preserved his issues for appeal. We conclude that Dolney timely filed his Rule 1925(b) statement with the Clerk of Courts. However, we nonetheless conclude that Dolney has waived his issues on appeal because he failed to file a copy of his Rule 1925(b) statement on the trial judge, as Rule 1925(b) and the order required him to do.

The Pennsylvania Supreme Court has made clear that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005). Therefore, an appellant waives all issue if he or she fails to file of record or to serve on the trial judge the Rule 1925(b) statement. **Id.**; **Forest Highlands Community Ass'n v. Hammer**, 879 A.2d 223, 228-29 (Pa.Super. 2005) (finding appellant waived issues on appeal where she failed to serve 1925(b) statement on trial judge).

Here, the order issued by the trial court required Dolney to file of record and serve on the trial judge a Rule 1925(b) statement on or before January 5, 2018, which was 21 days after December 15, 2017, the date of entry of the order. **See** Pa.R.A.P. 108(a)(1) (providing that for computing any period of time "involving the date of entry of an order by a court," date of entry "shall be the day the clerk of court . . . mails or delivers copies of the order").

Under the prisoner mail box rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa.Super. 2011). Under this rule, Dolney timely filed the Rule 1925(b) statement with the Clerk of Courts, as the record includes his cash slip with a date stamp of January 4, 2018, and the envelope had a post-mark date of January 5, 2018.

Dolney, however, only filed the statement with the Clerk of Courts. He failed to serve the statement on the trial judge. He therefore waived all appellate issues. **Schofield**, 888 A.2d at 774.

Rule 1925(c)(3) does not provide Dolney relief from this waiver. Rule 1925(c)(3) provides that this Court may remand for the filing of a Rule 1925(b) statement *nunc pro tunc* if we are convinced that counsel's failure to file the statement was *per se* ineffective. Pa.R.A.P. 1925(c)(3). Here, Dolney was *pro se* at the time that the court required him to file the Rule 1925(b) statement. A *pro se* litigant cannot be ineffective on his or her own behalf and, therefore, remand under Rule 1925(c)(3) would not be proper. **Commonwealth v. Boniella**, 158 A.3d 162, 164 (Pa.Super. 2016).

Accordingly, because Dolney failed to serve his Rule 1925(b) statement on the trial judge, we are constrained to conclude that he was waived all appellate issues.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/28/2019