J-S29025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
           v.                      :
                                 :
                                 :
JAVIER RAMOS                :
                                 :
              Appellant       :     No. 2661 EDA 2019

Appeal from the PCRA Order Entered August 14, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002292-2012

BEFORE: PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED JULY 24, 2020**

Appellant Javier Ramos appeals *pro se* from the order denying his first

Post Conviction Relief Act[1] (PCRA) petition.  Appellant raises several

challenges to the effectiveness of prior counsel.  For the reasons set forth

below, we affirm.

We state the facts as set forth in this Court's prior decision:

> In summary, [Appellant] and a co-defendant, David Lafantano,
> committed a series of burglaries in Lehigh and Northampton
> Counties in February and March of 2012.  [Appellant] was
> originally charged, at Docket No. 2292-2012, with a March 12,
> 2012, attempted break-in at a home in Breiningsville,
> Pennsylvania.  That arrest led to information regarding other
> crimes, and [Appellant] was subsequently charged at Docket No.
> 2296-2012, with burglaries committed in Bethlehem and Upper

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Saucon Township in February of 2012. The cases were consolidated for trial.[2] On December 12, 2012, a jury found [Appellant] guilty of four offenses at Docket No. 2292-2012, including attempted burglary, and seven offenses at Docket No. 2296-2012, including burglary, receiving stolen property (two counts), and criminal conspiracy. On January 31, 2013, the trial court imposed an aggregate sentence of 18 to 42 years' imprisonment.[3] [Appellant] filed a post-sentence motion, which the court denied, followed by a timely appeal. On November 25, 2014, a panel of this Court affirmed the judgment of sentence on direct appeal, and the Pennsylvania Supreme Court denied his petition for allowance of appeal.

*Commonwealth v. Ramos*, 470 EDA 2018, 2019 WL 168026, *1 (Pa. Super. filed Jan. 11, 2019) (unpublished mem.) (citations and footnotes omitted).

The subsequent procedural history is somewhat extensive, but simply, Appellant filed a *pro se* PCRA petition and several amended petitions. In relevant part, one of Appellant's amended petitions stated that Appellant's "mandatory sentences" were unconstitutional under *Alleyne v. United States*, 570 U.S. 99 (2013), and therefore Appellant "would like to seek relief for [his] unconstitutional mandatory illegal excessive sentencing." Appellant's Am. PCRA Pet., 8/7/14.

_____

[2] David Ritter, Esq. was Appellant's trial and direct appeal counsel.

[3] In relevant part, the attempted burglary, burglary, and conspiracy conviction were graded as felony one, and the receiving stolen property conviction was graded as a felony three. Docket No. 2292-2012; Docket No. 2296-2012. "The sentence imposed [on Appellant] was a departure from the sentencing guidelines and was beyond the aggravated range." *Commonwealth v. Ramos*, 1215 EDA 2013, 2014 WL 10558247, *13 (Pa. Super. filed Nov. 25, 2014) (unpublished mem.).

The PCRA court appointed Robert Long, Esq., as PCRA counsel. *Ramos*, 2019 WL 168026 at *2. Attorney Long filed a *Turner*/*Finley*[4] petition to withdraw, and the PCRA court granted the petition to withdraw. *Id.*; Attorney Long's Mot. to Withdraw, 6/15/16. The PCRA court subsequently issued a Pa.R.Crim.P. 907 notice, Appellant filed a *pro se* response, and the PCRA court dismissed Appellant's first PCRA petition. *Ramos*, 2019 WL 168026 at *2.

*Pro se* Appellant appealed, and he argued that Attorney Long's petition to withdraw was defective. *Id.* at *3. The *Ramos* Court agreed, vacated the order dismissing Appellant's first PCRA petition, instructed the PCRA court to appoint new PCRA counsel, and ordered new PCRA counsel to file an amended PCRA petition or a *Turney*/*Finley* petition to withdraw. *Id.*

On March 20, 2019, the PCRA court appointed Matthew Rapa, Esq., as Appellant's new PCRA counsel. On May 13, 2019, Attorney Rapa filed a *Turner*/*Finley* petition to withdraw and no-merit letter. In relevant part, Attorney Rapa's no-merit letter listed Appellant's sentences and stated that Appellant had a prior record score of five:

> In total you received an aggregate sentence of 18 to 42 years. Although your sentence exceeded the aggravated ranges of the sentence guidelines, you did not receive any mandatory minimum sentences in violation of *Alleyne v. United States* [as set forth in Appellant's amended PCRA petition]. Additionally, [the trial court] set forth reasons during your sentencing hearing why imposed a sentence beyond the aggravated range of the

---

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Pennsylvania Sentence [sic] Guidelines. None of your sentences exceeded the statutory maximum penalties provided by the law. Because trial judges are afforded a great deal of discretion when imposing a sentence and [the trial court] cited reasons for sentencing you outside the sentencing guidelines, I find no legal merit to your claim that you received an illegal sentence.

No-Merit Ltr., 5/7/19, at 10. Appellant did not file a response to Attorney Rapa's petition and no-merit letter.

On June 18, 2019, the PCRA court conducted a hearing.[5] According to the PCRA court's Pa.R.A.P. 1925(b) opinion, at the hearing, the PCRA court "put Appellant on notice of the [PCRA court's] intent to dismiss his" amended PCRA petition. PCRA Ct. Op., 11/5/19, at 6. After the hearing, the PCRA court granted Attorney Rapa's petition to withdraw and issued a Pa.R.Crim.P. 907 notice stating that Appellant failed to allege "any meritorious grounds for relief . . . ." Pa.R.Crim.P. 907 Notice, 6/18/19. Appellant did not file a response to the Rule 907 notice, and on August 14, 2019, the PCRA court formally dismissed Appellant's PCRA petition.

On August 27, 2019, Appellant timely filed a *pro se* notice of appeal. On September 12, 2019, the PCRA court ordered Appellant to comply with Pa.R.A.P. 1925(b). The order directed Appellant to comply within twenty-one days and was addressed to Appellant's prison address. Order, 9/12/19.

---

[5] The transcript of this hearing was not transmitted to this Court.

- 4 -

The PCRA court docketed Appellant's Rule 1925(b) statement on October 16, 2019. Pa.R.A.P. 1925(b) Statement, 10/16/19. The envelope that enclosed Appellant's Rule 1925(b) statement was postmarked October 9, 2019, which was six days after the twenty-one day deadline, and stated "ZIP 16823," a Pennsylvania postal code. **See id.** (envelope attached to Rule 1925(b) Statement).[6] The PCRA court filed its Rule 1925(a) opinion on November 5, 2019, which did not address the timeliness of Appellant's Rule 1925(b) statement.[7]

Appellant raises the following issues:

1. Whether the PCRA court abused its discretion or committed an error of law by denying [Appellant's] post-conviction relief act petition without a hearing?

2. Whether the PCRA court abused its discretion or committed an error of law by denying [Appellant's] post-conviction relief act petition without a hearing where court appointed counsel was ineffective?

Appellant's Brief at 2.

We initially address the filing of Appellant's *pro se* Rule 1925(b) statement. In **Commonwealth v. Boniella**, 158 A.3d 162 (Pa. Super. 2017),

---

[6] The Rule 1925(b) statement and proof of service have a handwritten date of "9-29-19." The record does not contain any other documentation of proof of mailing, cash slip, or delivery to prison officials.

[7] We note that the PCRA court's Rule 1925(a) opinion misstated the date that Appellant filed his notice of appeal.

this Court addressed whether it should consider the *pro se* defendant's Rule 1925(b) statement, which was filed one day late. ***Boniella***, 158 A.3d at 164.

> We have stated that where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits. ***Commonwealth v. Brown***, 145 A.3d 184, 186 (Pa. Super. 2016). ***See also Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) ("If there is an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").
>
> Critically, however, we note that ***Brown*** and ***Burton*** apply to counseled defendants, rather than those proceeding *pro se*. This is because counsel can be considered to be ineffective *per se* for failing to file a timely Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc*."); ***see also Burton***, 973 A.2d at 433 (untimely filing of Rule 1925(b) statement by counsel is *per se* ineffectiveness). Accordingly, we consider untimely counseled Rule 1925(b) statements on the basis of judicial economy. ***See*** Comment to Ra.R.A.P. 1925(c)(3).
>
> It is a longstanding principle that a *pro se* litigant cannot be ineffective on his or her own behalf. ***See Commonwealth v. Fletcher***, 604 Pa. 493, 517, 986 A.2d 759, 773 (2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness."). Thus, our rationale for considering an untimely Rule 1925(b) statement disappears where it is filed by a *pro se* litigant. Therefore, we are constrained to find that the defendant's issues are waived in the instant matter.

***Boniella***, 158 A.3d at 164 (some formatting altered).

Instantly, Appellant's envelope containing his *pro se* Rule 1925(b) statement was postmarked October 9, 2019, which was six days after the twenty-one day deadline expired, and had the zip code of 16823, a

Pennsylvania zip code. ***See*** Pa.R.A.P. 1925(b) Statement (envelope attached to statement). Here, like the defendant in ***Boniella***, Appellant is *pro se* and untimely filed his Rule 1925(b) statement. ***See Boniella***, 158 A.3d at 164. The record does not contain any other information as to when Appellant delivered the statement to prison officials for mailing.[8] Therefore, identical to the ***Boniella*** Court, "we are constrained to find that [Appellant's] issues are waived in the instant matter." ***See id.***

But even if we were to consider Appellant's issues, he has waived them for the reasons set forth below. We begin by summarizing Appellant's arguments in support of both of his issues. In support of his first issue, Appellant argues that he raised the following claims in his amended PCRA petition:

> 1) [Attorney Ritter] failed to conduct a proper investigation; 2) [Attorney Ritter] failed to properly obtain discovery and investigate eyewitnesses; 3) [Attorney Ritter] failed to prepare and file Pre-Trial Motions; 4) [Attorney Ritter] failed to communicate with [Appellant]; 5) [Attorney Ritter] provided ineffective representation during [Appellant's] trial; 6) [Attorney Ritter] failed to file Post-Sentence Motions; 7) [Attorney Ritter] was ineffective for failing to retain an audio forensic expert; 8) [Attorney Ritter] was ineffective [as appellate counsel]; 9) Prosecutorial Misconduct; 10) Legality of [Appellant's] sentence.

---

[8] We note Appellant's brief states that the PCRA court issued its Rule 1925(b) order on September 12, 2019, and that he "filed his Concise Statement on 10/16/19." Appellant's Brief at 6.

*Id.* at 8-9; *see also* No-Merit Ltr., 5/7/19, at 1 (listing Appellant's issues). Appellant asserts that Attorney Ritter "rendered ineffective assistance," as well as both of his appointed PCRA counsel. *Id.* at 9. In Appellant's view, "[a]ll issues raised provides the material fact that [Attorney Ritter] rendered ineffective assistance," and therefore the PCRA court should have ordered a hearing. *Id.*

Appellant similarly contends, in support of his second issue, that his "amended PCRA petition" averred material facts.[9] *Id.* at 11. Appellant asserts that at the June 18, 2019 hearing, Attorney Rapa "refused to argue and pursue what he believed [were] the best claims raised [in] Appellant's PCRA petition, specifically counts 6, 7, 8, and 9." *Id.* In Appellant's view, the PCRA court should have ordered an evidentiary hearing to address Attorney Ritter's and Attorney Rapa's ineffective assistance of counsel. *Id.* at 12.

We state the standard of review:

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Colon*, ___ A.3d ___, ___, 2020 PA Super 43, 2020 WL 856453, *3 (Pa. Super. filed Feb. 21, 2020) (citation omitted). Further,

---

[9] Appellant did not specify which of his amended PCRA petitions.

"[b]oilerplate allegations of ineffectiveness do not establish a defendant's burden of establishing relief." *Id.* at *4 (citation omitted). We note that "a petitioner waives issues of PCRA counsel's effectiveness regarding *Turner*/*Finley* requirements if he declines to respond to the PCRA court's notice of intent to dismiss." *Commonwealth v. Rykard*, 55 A.3d 1177, 1186 (Pa. Super. 2012) (citation omitted).

> We add the following:
>
> it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Citations to authorities must articulate the principles for which they are cited. Pa.R.A.P. 2119(b).
>
> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (some citations omitted). "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037-38 (Pa. Super. 2018) (citation omitted), *appeal denied*, 217 A.3d 793 (Pa. 2019).

Here, to the extent Appellant is challenging Attorney Rapa's effectiveness, he waived them by not filing a response to the PCRA court's Rule 907 notice. *See Rykard*, 55 A.3d at 1186. Further, even assuming

Appellant properly preserved the ten claims identified in his appellate brief, we agree with the Commonwealth that Appellant failed to state any specific facts in support in his argument section. *See Vurimindi*, 200 A.3d at 1037-38; *Kane*, 10 A.3d at 331. Absent any discussion of those facts, we cannot determine whether those facts were material and whether the PCRA court erred by declining to hold an evidentiary hearing. *See Colon*, 2020 WL 856453 at *4. In any event, Appellant's claims of ineffectiveness are boilerplate, as he failed to explain for each claim how the three-prong test for ineffective assistance of counsel was met. *See id.* For example, Appellant baldly asserts that Attorney Ritter failed to conduct a proper investigation, without explaining what a proper investigation would have uncovered, how he was prejudiced, and how Attorney Rapa was ineffective. *See* Appellant's Brief at 8-9. For these reasons, we affirm the order below.[10]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/20

_____

[10] To the extent Appellant preserved his claim of an illegal mandatory sentence based on *Alleyne*, his claims fails because Appellant was not sentenced to any mandatory minimum sentences. *See Ramos*, 2014 WL 10558247 at *13.