J-A07020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NATHAN L MAY JR. | : | |
| | : | |
| Appellant | : | No. 1235 MDA 2020 |

Appeal from the Order Entered September 3, 2020
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-SA-0000196-2020

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:                   **FILED MARCH 23, 2021**

Appellant, Nathan L. May, appeals *pro se* from the September 3, 2020 Order denying his Petition for Leave to File Appeal *Nunc Pro Tunc*.  We affirm.

The facts and procedural history relevant to our disposition are as follows.  On June 26, 2014, a magistrate judge convicted Appellant of one count of Operation Following Suspension of Registration and two counts of Driving with a Suspended License.[1]  Appellant did not file a timely summary appeal.

More than five years later, on August 19, 2020, Appellant filed a Petition for leave to file an appeal from those convictions *nunc pro tunc*.  The trial court directed the Commonwealth to file an Answer.  Following its

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 1371(a) and 1543(a), respectively.

consideration of the Petition and Answer, on September 3, 2020, the trial court denied Appellant's Petition.

Appellant filed a timely Notice of Appeal. On October 5, 2020, the trial court entered an Order directing Appellant to file a Rule 1925(b) Statement of Matters Complained of on Appeal within 21 days of the Order's entry on the docket. In this Order, the court informed Appellant that "[a]ny issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived."

On November 12, 2020, the trial court filed a Rule 1925(a) Opinion indicating that Appellant had not complied with the court's Order to file a Rule 1925(b) Statement. This Court's review of the trial court docket confirms that Appellant did not, and has not to date, filed the court-ordered Statement.

When a trial court orders an appellant to file a Rule 1925(b) statement, issues not included in the statement are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005). It is imperative that an appellant comply with the Rule, as the statement is "intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal[, and] is thus a crucial component of appellate process." **Commonwealth v. McBride**, 957 A.2d 752, 758 (Pa. Super. 2008) (quoting **Commonwealth v. Butler**, 812 A.2d 631, 636 (Pa. 2002)). The bright-line application of waiver for failure to conform with Rule 1925(b) applies to *pro se* appellants with equal force. **See**, **e.g.**, **Commonwealth v. Schofield**, 888 A.2d 771, 773-75 (Pa. 2005) (holding *pro*

*se* appellant who failed to comply with Rule 1925(b) waived all issues); **Commonwealth v. Boniella**, 158 A.3d 162, 163-64 (Pa. Super. 2017) (holding *pro se* appellant's failure to file timely Rule 1925(b) statement waived all issues).

Because Appellant failed to file a Rule 1925(b) Statement as ordered, Appellant has waived any issues he sought to raise on appeal. We, thus, affirm the Order of the trial court.

Order affirmed.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2021

---

[2] On December 30, 2020, the Commonwealth filed an Application to Quash this appeal owing to Appellant's failure to comply with this Court's briefing requirements. In light of our disposition, we deny the Commonwealth's Application as moot.