J-S73027-16

2017 Pa Super 75

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID ALBERT BONIELLA | |
| Appellant | No. 358 WDA 2016 |

Appeal from the Judgment of Sentence February 24, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-SA-0000144-2015

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

OPINION BY LAZARUS, J.:                    **FILED MARCH 22, 2017**

David Albert Boniella appeals *pro se*, from the judgment of sentence entered in the Court of Common Pleas of Fayette County, following his conviction of the summary offense of disorderly conduct.  Upon review, we affirm.

The trial court summarized the relevant facts of this matter as follows:

On August 20, 2015, Appellant arrived at Mount Macrina Manor (hereinafter "Mt. Macrina") nursing home in Uniontown, Fayette County, Pennsylvania[,] to attend a care plan meeting about his mother, who was a resident at the facility.  Jolynn Meyers, an administrator at Mt. Macrina, testified that [Boniella's] mother did not want [Boniella] present at the meeting.  Unsatisfied with this news, [Boniella] went up the hall and attempted to enter his mother's room where the meeting was taking place.  Ms. Meyers blocked the door by standing in front of it; however, [Boniella] tried to reach past her and eventually entered the room, causing a heated discussion between [Boniella] and a member of his family.  Ms. Meyers testified about [Boniella]:

> [A]nd several times he was very loud. At one point in time he pushed me, and even with my security people that I had there, he wouldn't stop. We asked him to leave; he wouldn't leave. And it escalated. There [were] . . . other people in the hall; it was loud and then I instructed my staff just to call the police and have them come.
>
> Ms. Meyers further testified that several members of the Mt. Macrina staff were involved in attempting to calm [Boniella] down and that the situation disrupted other residents of the facility.

Trial Court Opinion, 1/17/17, at 2 (citation omitted).

On November 16, 2015, Magisterial District Judge Wendy D. Dennis convicted Boniella of disorderly conduct[1] and harassment.[2] On December 11, 2015, Boniella filed a notice of appeal seeking a *de novo* trial in the Court of Common Pleas. On February 24, 2016, after a summary hearing before the Honorable Joseph M. George, Jr., Boniella was found guilty of disorderly conduct and not guilty of harassment. Boniella was ordered to pay a $50 fine and court costs.

Boniella filed a timely notice of appeal, after which the trial court ordered him to file a concise statement of errors complained on appeal pursuant to Pa.R.A.P. 1925(b). Boniella failed to comply with the order. Upon review of the record, this Court determined that the order directing Boniella to file the Rule 1925(b) statement had been returned to the trial court as "undeliverable." The order had been re-mailed to an updated

---

[1] 18 Pa.C.S. § 5503.

[2] 18 Pa.C.S. § 2709.

- 2 -

address, but Boniella alleged he had never received it. On this basis, we entered an order remanding this matter to the trial court to determine whether service had been effectuated.

The trial court issued a new Rule 1925(b) order on November 21, 2016, requiring Boniella to file a concise statement within 21 days. Boniella filed his statement on December 13, 2016. On appeal, Boniella challenges the sufficiency of the evidence and claims that the court erred in denying his request for court-appointed counsel.[3]

We first must address the consequences of Boniella's untimely filing of his concise statement. Boniella had until December 12, 2016, to file his statement, but did not do so until the next day. We have stated that "where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits." *Commonwealth v. Brown*, 145 A.3d 184, 186 (Pa. Super. 2016). *See also Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (en banc) ("[I]f there is an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

Critically, however, we note that *Brown* and *Burton* apply to counseled defendants, rather than those proceeding *pro se*. This is because

_____

[3] While Boniella's statement includes 18 numbered paragraphs, he raises only the two separate issues noted above.

counsel can be considered to be ineffective *per se* for failing to file a timely Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc*[.]"); **see also Burton**, 973 A.2d at 433 (untimely filing of Rule 1925(b) statement by counsel is *per se* ineffectiveness). Accordingly, we consider untimely **counseled** Rule 1925(b) statements on the basis of judicial economy. **See** Comment to Ra.R.A.P. 1925(c)(3).

It is a longstanding principle that a *pro se* litigant cannot be ineffective on his or her own behalf. **See Commonwealth v. Fletcher**, 517, 986 A.2d 759, 773 (Pa. 2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness."). Thus, our rationale for considering an untimely Rule 1925(b) statement disappears where it is filed by a *pro se* litigant. Therefore, we are constrained to find that Boniella's issues are waived in the instant matter.

In light of the foregoing, we also note that Boniella would not be entitled to relief even if his Rule 1925(b) statement had been timely filed. In his first issue, Boniella challenges the sufficiency of the evidence to convict him of disorderly conduct. In considering sufficiency of the evidence claims,

> we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. . . . Where

there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. Of course, the evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part or none of the evidence presented.

*Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (en banc).

A person is guilty of disorderly conduct if he or she, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof," does any of the following:

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

(2) makes unreasonable noise;

(3) uses obscene language, or makes an obscene gesture; or

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa.C.S. § 5503.

Boniella asserts that he did not intend to create a disturbance and that he did not engage in any of the enumerated actions in section 5503, since his behavior was not violent, overly loud, and was intended to serve the purpose of leaving Mt. Macrina with his father, who had arrived with him. Brief of Appellant, at 13. However, the nursing home administrator, Ms. Meyers, testified that Boniella pushed her, was very loud, and disrupted other residents in the nursing home. *See* N.T. Trial, 2/24/16, at 7. Ms. Meyers' testimony provided sufficient evidence to prove that Boniella was guilty of disorderly conduct, and the trial court was free to believe the evidence presented. *Watley*, *supra*.

Boniella also argues that the trial court erred in denying his request for the appointment of counsel. Our rules of criminal procedure specify that counsel is to be appointed "in all summary cases, for all defendants who are without financial resources or who are otherwise unable to employ counsel **when there is a likelihood that imprisonment will be imposed**." Pa.R.Crim.P. 122(A)(1) (emphasis added). As we have noted, "[t]he purpose of [Rule 122 is to] ensure[ n]o defendant in a summary case may be sentenced to imprisonment unless the defendant was represented at trial by counsel." ***Commonwealth v. Blackham***, 909 A.2d 315, 318 (Pa. Super. 2006) (citation and quotation marks omitted).

Here, the trial court indicated that although a term of imprisonment was a possible sentence for a conviction of disorderly conduct, it was unlikely that imprisonment would be imposed. Furthermore, Boniella's actual sentence was limited to a fine and court costs. As we noted in ***Blackham***, "[b]ecause the trial court determined before trial that a term of imprisonment was unlikely, and no term of imprisonment was imposed, the trial court correctly concluded that it had no obligation to appoint counsel." ***Id.*** Thus, the trial court did not err in denying Boniella's request for the appointment of counsel.

Judgment of sentence affirmed.

Judge Jenkins did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2017