J-S67005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAYMON BIRCKETT | : | |
| | : | No. 3733 EDA 2016 |
| Appellant | | |

Appeal from the PCRA Order November 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005362-2009

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED OCTOBER 25, 2017**

Appellant Daymon Birckett appeals from the order entered by the Court of Common Pleas of Philadelphia County denying Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  In this *pro se* appeal, Appellant raises several claims of ineffective assistance of counsel.  We affirm.

Appellant was charged in connection with the June 15, 2008 shooting death of Ricardo Zayas Olmedos ("the victim").  On January 8, 2010, a jury convicted Appellant of first degree murder and possessing instruments of crime (PIC).  That same day, the trial court sentenced Appellant to the mandatory term of life in prison on the murder charge and a concurrent sentence of nine months to five years' imprisonment on the PIC charge.  On January 14, 2010, Appellant filed post-sentence motions, which were

---

[1] 42 Pa.C.S. §§ 9541-9546.

---

*   Former Justice specially assigned to the Superior Court.

subsequently denied by the trial court. Appellant filed a timely notice of appeal. On June 15, 2012, this Court affirmed the judgment of sentence. On November 27, 2012, our Supreme Court denied Appellant's petition for allowance of appeal.

On April 19, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended petition on Appellant's behalf on December 17, 2014. The Commonwealth filed a motion to dismiss the petition on March 18, 2015. Thereafter, on May 1, 2015, the PCRA court sent Appellant notice of its intent to dismiss his claims without a hearing pursuant to Pa.R.Crim.P. 907. On May 20, 2015, Appellant filed a *pro se* response to the notice, raising additional claims for review. On June 4, 2015, Appellant filed a request to proceed *pro se*. On August 10, 2015, the PCRA court held a **Grazier** hearing[2] and determined that Appellant was knowingly, intelligently, and voluntarily waiving his right to be represented by counsel.

On March 29, 2016, Appellant filed a supplemental PCRA petition, raising one additional claim. On April 12, 2016, the Commonwealth filed a letter brief in response. On September 29, 2016, the PCRA court sent Appellant a second notice pursuant to Rule 907, indicating that it intended to dismiss his petition without a hearing. Appellant was granted an extension of time to respond to this notice and eventually submitted a filing on November 10, 2016. After the

---

[2] **See Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

PCRA court dismissed Appellant's petition on November 18, 2016, this timely appeal followed.

On December 2, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days of its order and indicated that the "failure to comply with such directive will be considered … as a waiver of all objections to the order, ruling, or other matter complained of." Trial Court Order, 12/2/16. Appellant properly complied with this order in filing a concise statement on December 9, 2016. However, without seeking leave of court, on March 3, 2017, Appellant attempted to file a supplemental statement in which he sought to preserve four additional issues for review on appeal. On March 29, 2017, the PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a) in which it addressed the issues Appellant raised in his initial concise statement, but declined to review the arguments listed in Appellant's supplemental statement, which the PCRA court found to be untimely filed.

As an initial matter, we note that the PCRA court correctly found that Appellant had waived the issues raised in his untimely supplemental 1925(b) statement. Our courts have consistently reaffirmed that Rule 1925(b) sets forth a bright-line rule that requires an appellant to comply with the lower court's order to file a Rule 1925(b) statement and that "[a]ny issues not raised in a Rule 1925(b) statement will be deemed waived." *City of Philadelphia v. Lerner*, ---Pa.---, 151 A.3d 1020, 1024 (2016) (quoting *Commonwealth v. Hill*, 609 Pa. 410, 16 A.3d 484 (2011)). A *pro se* appellant, who "cannot

be ineffective on his or her own behalf[,]" waives any issues raised in an untimely PCRA petition. *Commonwealth v. Boniella*, 158 A.3d 162, 164 (Pa.Super. 2017).

Thus, we will limit our review to the arguments raised in Appellant's initial, timely 1925(b) statement, which listed the following issues:

1. Did the PCRA Court err in deciding that trial Counsel did not render ineffective assistance of counsel and deny [Appellant] of his right to a fair trial, both of which are guaranteed by the 14th amendment, which trial counsel failed to make a timely objection during direct examination to the commonwealth's introduction of its witness Valerie Coates prior statement, without laying a proper foundation for such, pursuant to Pa.R.E. 803.1(3) and 612(a)(6)?

2. Did the PCRA Court err in deciding that trial counsel did not render ineffective assistance of counsel and deny [Appellant] of his right to a fair trial, both of which are guaranteed by the 14th amendment, when he failed to present evidence showing that the victim was killed in the heat of passion and/or self-defense under an imperfect self-defense theory?

3. Did the PCRA Court err in deciding that trial counsel did not render ineffective assistance of counsel and deny [Appellant] of his right to a fair trial, both of which are guaranteed by the 14th amendment, for failing to request a jury charge on heat of passion, voluntary manslaughter, and/or imperfect self-defense voluntary manslaughter?

4. Did the PCRA Court err in deciding that trial counsel did not render ineffective assistance of counsel and deny [Appellant] of his right to a fair trial, for trial counsel's inept presentation of [Appellant's] case during counsel's opening statement?

5. Did the PCRA Court err in deciding that Appellant is not entitled to sentencing relief pursuant to *Miller v. Alabama*, federal equal protection clause, and Pennsylvania state constitution?

6. Did the PCRA Court err in deciding that trial counsel did not render ineffective assistance of counsel and deny [Appellant] of his right to a fair trial, both of which are guaranteed by the 14th amendment, for trial counsel's failure to investigate and present charter [sic] witness testimony of Arthur Littlejohn and Cynthia Birckett?

7. Did the PCRA Court err in deciding that trial counsel did not render ineffective assistance of counsel and deny [Appellant] of his right to a fair trial, both of which are guaranteed by the 14th amendment, based on counsel's multiple instances of deficient performances which had a cumulative prejudicial effect of error?

Concise Statement, 12/18/16, at 1-2 (reordered for ease of review).

In reviewing the lower court's decision to deny Appellant's PCRA petition, we examine whether the PCRA court's determination "is supported by the record and free of legal error." *Commonwealth v. Mitchell*, --- Pa. ---, 141 A.3d 1277, 1283–84 (2016). In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in 42 Pa.C.S. § 9543(a)(2), which includes the ineffective assistance of counsel.

"It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." *Commonwealth v. Koehler*, 614 Pa. 159, 36 A.3d 121, 132 (2012) (citing *Strickland v. Washington*, 466 U.S. 688, 687-91 (1984)). To prevail on an ineffectiveness claim, the petitioner has the burden to prove that "(1) the underlying substantive claim has arguable merit; (2) counsel whose

effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." **Commonwealth v. Sneed**, 616 Pa. 1, 17, 45 A.3d 1096, 1106 (2012) (quoting **Commonwealth v. Pierce**, 567 Pa. 186, 786 A.2d 203, 213 (2001)). "A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Commonwealth v. Johnson**, 600 Pa. 329, 345–46, 966 A.2d 523, 532–33 (2009) (quoting **Strickland,** 466 U.S. at 694). The failure to satisfy any one of the three prongs will cause the entire claim to fail. **Sneed**, 616 Pa. at 18, 45 A.3d at 1106 (citation omitted).

First, Appellant claims that trial counsel was ineffective in failing to make a timely objection when the Commonwealth began to cross-examine prosecution witness Valerie Coates with portions of the prior written statement she made to police identifying Appellant as the shooter. Appellant argues that the Commonwealth failed to follow the procedure for refreshing Ms. Coates's recollection of her prior statement pursuant to Pa.R.E. 803.1(3).

However, our review of the record reveals that Ms. Coates did not claim that she had any trouble remembering the events of the night in question, but rather, she suggested that she did not see the shooting occur. Ms. Coates testified at trial that immediately before the victim's murder, she was sitting smoking a cigarette near an open window of her residence, which overlooked Belden Street. Ms. Coates asserted that while she observed Appellant and the

victim walking side-by-side, she only heard the fatal gunshot and denied having seen Appellant do anything. Notes of Testimony ("N.T."), 1/6/10, at 189-193.

Thereafter, the prosecutor presented Ms. Coates with a copy of her prior written statement to police. Ms. Coates admitted that she had given the officers different information on that occasion but reiterated several times, "I don't want to speak about it." N.T., 1/6/10, at 194. Trial counsel, at the point, did object to the admission of the contents of Ms. Coates's written statement and asked that the prosecutor simply allow Ms. Coates to refresh her recollection. The trial court overruled the objection, and allowed the prosecution to admit portions of Ms. Coates's prior signed statement in which she revealed that she saw Appellant shoot the victim in the back of the head and then run away. N.T., 1/6/10, at 202-204. Ms. Coates expressly confirmed that she was recanting her identification of Appellant as the shooter, as she asked to "take [her prior, signed statement] back." N.T., 1/6/10, at 204.

Based on the progression of Ms. Coates's testimony, we agree with the PCRA court's finding that it was proper for the trial court to admit her prior inconsistent statement to allow the Commonwealth to impeach Ms. Coates's trial testimony as well as offer the statement as substantive evidence.

> Our courts long have permitted non-party witnesses to be cross-examined on prior statements they have made when those statements contradict their in-court testimony. Such statements, known as prior inconsistent statements, are admissible for impeachment purposes. **Commonwealth v. Brady**, 510 Pa. 123, 507 A.2d 66, 68 (1986); Pa.R.E. 613(a). Further, a prior

inconsistent statement may be offered not only to impeach a witness, but also as substantive evidence if it meets additional requirements of reliability. *Commonwealth v. Lively*, 530 Pa. 464, 610 A.2d 7, 9–10 (1992); Pa.R.E. 803.1. The test is a two-part inquiry: 1) whether the statement is given under reliable circumstances; and 2) whether the declarant is available for cross-examination. *Commonwealth v. Brewington*, 740 A.2d 247, 254 (Pa.Super.1999), *appeal denied,* 563 Pa. 626, 758 A.2d 660 (2000). With respect to the first prong, that the statement is given under reliable circumstances, our supreme court has deemed reliable only certain statements; among them is a statement that is "reduced to a writing and signed and adopted by the witness." *Lively, supra,* at 479, 610 A.2d at 10. *See also* Pa.R.E. 803.1(1).

*Commonwealth. v. Carmody*, 799 A.2d 143, 148 (Pa.Super. 2002).

In addition, we find no merit in Appellant's argument that trial counsel was ineffective in failing to argue that the Commonwealth was not entitled to cross-examine its own witness, Ms. Coates, with her prior inconsistent statement without first demonstrating that it was surprised by her recantation of her identification of Appellant as the shooter. Our courts have specifically found that that "surprise" is not an absolute requirement to admit the prior inconsistent statement of a party's own witness "when it is believed that the interests of truth and justice so require." *Brewington*, 740 A.2d at 254 (citing *Brady*, 510 Pa. at 134, 507 A.2d at 72). Thus, "it is left to the discretion of the trial court to make the determination whether a witness can be impeached with a prior inconsistent statement, and will be reversed only if there is an abuse of discretion." *Brewington*, 740 A.2d at 254 (citing *Brady*, 510 Pa. at 135, 507 A.2d at 72) (finding no merit to the appellant's claim that counsel was ineffective in failing to challenge the prosecution's use of a prior

- 8 -

inconsistent statement as impeachment and substantive evidence against its own witness).

In this case, several months after the victim's death, Ms. Coates voluntarily made her initial statement to police on November 7, 2008, but admitted that she was afraid of coming forward. Coates signed this written statement in which she admitted seeing Appellant shoot the victim in the head. However, at trial, on January 6, 2010, Ms. Coates recanted her identification of Appellant and indicated that she only heard the gunshot, but did not see the shooter. Therefore, it was necessary for the Commonwealth to impeach Ms. Coates's testimony and establish the reliability of her original, signed statement. As Ms. Coates's prior inconsistent statement was properly admitted as impeachment and substantive evidence, counsel cannot be deemed ineffective for failing to raise a meritless claim. *Brewington*, 740 A.2d at 254 (citing *Commonwealth v. Rainey*, 540 Pa. 220, 235, 656 A.2d 1326, 1334 (1995)).

Second, Appellant argues that trial counsel was ineffective in failing to present evidence showing that Appellant killed the victim in self-defense and/or in the heat of passion. Specifically, Appellant asserts that counsel should have introduced his statement to police in which Appellant claimed to have killed the victim in self-defense after the two men began to argue. In this statement, Appellant claimed the victim pulled a gun on him and the weapon fell to the ground during their struggle, allowing Appellant to pick up

the weapon and fire one shot, which happened to hit the victim in the back of the head.

The PCRA court rejected this ineffectiveness claim, finding that there was no evidence to support a theory of self-defense or "heat of passion," when Appellant decided not to testify to his account of the events in question. In a side-bar discussion in which the trial court inquired whether Appellant would testify on his own behalf, the trial court expressly informed Appellant, that if the Commonwealth chose not to introduce Appellant's statement into evidence in its case-in-chief, Appellant could not do so as a part of his defense unless he took the witness stand. The following exchange occurred:

> [Trial Court:] If the Commonwealth decides not to introduce your statement into evidence, not to have the detective get up and read it, then the jury's not going to hear whatever you said to the detectives that night.
>
> [Appellant:] Okay.
>
> [Trial Court:] The only way that they would end up hearing that would be if you get up and testify.
>
> [Appellant:] Okay.
>
> [Trial Court:] Okay? And so I just wanted you to be aware of that. And so, particularly if you're claiming self-defense and the statement doesn't come in, there is not going to be any evidence in this record to show that there was self-defense.
>
> So I just wanted that to be clear so that you can make an informed decision when you and I have the discussion about whether you are choosing to testify or not testify.
>
> [Appellant:] Okay.

N.T., 1/6/10, at 324.

Despite this knowledge, the next day, Appellant decided to waive his right to testify as demonstrated in the following oral colloquy:

[Trial Court:] I want you to understand that you have an absolute right to testify as well as an absolute right not to testify in this case. Do you understand that?

[Appellant:] Yes, ma'am.

[Trial Court:] And I believe you've heard me advise the jury during my preliminary instructions that a defendant has no obligation to testify, and advising them that they are not permitted to make an adverse inference against you if you do not testify; correct? …

[Trial Court:] And is the decision not to testify your decision?

[Appellant:] Yes, ma'am.

[Trial Court:] Did anybody pressure you or force you or threaten you in any way so that you would not testify?

[Appellant:] No, ma'am.

[Trial Court:] Did anybody promise you anything if you do not testify?

[Appellant:] No, ma'am.

[Trial Court:] And is the decision not to testify being made voluntarily and freely by you?

[Appellant:] Yes, ma'am.

[Trial Court:] And I want you to be aware, once again, Mr. Birckett, that the answers you are giving me here today under oath in open court, you're bound by those answers, which means you're stuck with them, which means that you can never come back and say, you know, "I only answered that way because [trial counsel] told me to or because he said, you know, I shouldn't take up more time," or whatever reasons he has or whatever reasons you might have in the future.

You are stuck with the answers you're giving me here. If there's anything different from what you and I have just talked about, this is the moment for you to state it.

Do you understand that?

[Appellant:] Yes, ma'am.

[Trial Court:] And so do you have any questions for me?

[Appellant:] No, ma'am.

N.T., 1/7/10, at 5-8.

While Appellant faults counsel for not admitting into evidence his statement to police, the aforementioned exchanges at trial demonstrated that Appellant was fully informed that his ability to admit this prior statement into evidence for the jury's consideration would be foreclosed if he chose not to testify. As Appellant subsequently waived his right to testify with this knowledge, Appellant cannot now claim that counsel was ineffective for failing to admit his prior statement. To the extent that Appellant argues that counsel was ineffective in allowing him to waive his right to testify, this argument is waived as Appellant did not raise it in his timely Rule 1925(b) statement. **See Lerner**, **supra**.

Moreover, Appellant did not identify any evidence that trial counsel could have presented to support a theory of self-defense or a killing in the heat of passion. Our review of the evidence presented at trial shows that Appellant demonstrated intent to kill as he admittedly shot the unarmed victim in the back of the head. In addition to Ms. Coates's prior statement in which she indicated that she had observed Appellant shoot the victim in the back of the

head, three other witnesses testified that Appellant had confessed to the murder and urged them not to reveal any knowledge they had of the shooting. Appellant has not identified any evidence that would suggest he believed that the unarmed victim posed any threat to him or that Appellant acted in the heat of passion. Accordingly, we agree that this ineffectiveness claim has no arguable merit.

Appellant's third, fourth, fifth, and sixth issues raised in his timely Rule 1925(b) statement are not mentioned in his appellate brief, and thus, not developed with citation to relevant case law and meaningful analysis. As a result, these issues are waived for lack of development. *See Commonwealth v. Wilson*, 147 A.3d 7, 14 (Pa.Super. 2016) (appellant waives issue on appeal if he fails to present claim with citations to relevant authority or develop issue in meaningful fashion capable of review).

In his final claim, Appellant asserts that multiple instances of trial counsel's allegedly deficient performance had a cumulative prejudicial effect. "[W]here a claimant has failed to prove prejudice as the result of any individual errors, he cannot prevail on a cumulative effect claim unless he demonstrates how the particular cumulation requires a different analysis." *Commonweath v. Hutchinson*, 611 Pa. 280, 25 A.3d 277, 318–19 (2011) (quoting *Commonwealth v. Wright*, 599 Pa. 270, 961 A.2d 119, 158 (2008)). In this case, all of Appellant's claims of ineffectiveness of counsel are either meritless or waived. Appellant's bald averment of cumulative error does not entitle him to relief.

For the foregoing reasons, we affirm the PCRA court's order dismissing Appellant's petition. We also deny Appellant's application for relief seeking to penalize the Commonwealth its failure to file an appellate brief.

Order affirmed. Application for Relief denied.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2017