J-A24036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NAFIS TYNDALE | : | |
| | : | |
| Appellant | : | No. 682 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 2, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-SA-0001227-2021

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.:          **FILED OCTOBER 11, 2022**

Nafis Tyndale ("Tyndale") appeals *pro se* from the judgment of sentence imposed after he failed to appear for trial in his summary appeal of a citation for failing to stop at a stop sign.[1]  We dismiss the appeal.

Tyndale received a citation for failing to stop at a stop sign in 2020, and the Philadelphia Municipal Court Traffic Division ("Traffic Division") entered a judgment against him.  He timely filed a summary appeal in the Court of Common Pleas ("the trial court").  The trial court issued a notice, which bears Tyndale's signature, of a trial to be held on February 2, 2022.  On that date,

---

[1] **See** 75 Pa.C.S.A. § 3323(b).  The certified record in this appeal appears to be incomplete.  We note that Tyndale refers to two traffic citations.  The trial court also refers to a citation for failing to yield to an emergency vehicle, **see** Trial Court Opinion, 4/19/22, at 1.  The record, however, only contains documents related to one citation (number SS1064276) for failing to stop at a stop sign.  Although the state of the record does not affect our disposition of this appeal, we summarize the procedural background based on the matters actually contained in the record.

Tyndale failed to appear, and the trial court dismissed Tyndale's summary appeal and entered a judgment for fines and costs of $187. Tyndale timely appealed.

In his one-page *pro se* brief, Tyndale states that "[o]n February 2[,] 2022, there was a new hearing [w]hich I wasn't able to attend so the judge found me guilty." Tyndale's Brief at 1. Tyndale asserts that on the day of his trial in the Court of Common Pleas, he was in the process of moving out of his house. *See id*.

Before reaching the merits of Tyndale's issues, we must consider whether the defects in his brief require dismissal of the appeal. Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure ("Pa.R.A.P."), and this Court may dismiss an appeal if the defects in the brief are substantial. *See Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Id*. (citation omitted). It is an appellant's duty to present arguments that are sufficiently developed for our review. An appellate brief must support its claims with pertinent discussion, references to the record, and citations to legal authorities. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id*. If a deficient brief hinders this Court's ability to

- 2 -

address any issue on review, the issue will be regarded as waived. ***See Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006) (holding that an appellant's failure to support his claim with factual background and citations to the record represented "serious deviations from the briefing requirements of the Rules of Appellate Procedure," waiving review of the claim) (citation omitted).

Tyndale fails to comply with multiple rules of appellate procedure concerning the contents of a brief. ***See*** Pa.R.A.P. 2111, 2114, 2115. Of even greater importance, Tyndale's brief lacks any references to or discussion of applicable legal standards, statutes, or case law. ***See*** Pa.R.A.P. 2119(a) (providing that the argument shall be followed by the discussion and citation of pertinent authorities). Given these deficiencies, this Court is unable to meaningfully review Tyndale's issue, and we dismiss the appeal. ***See*** Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . . are substantial, the appeal ... may be ... dismissed").

Appeal dismissed.[2]

---

[2] As noted by the trial court, Tyndale's failure to comply with its order for a Rule 1925(b) statement would also preclude this Court from addressing the merits of his issue. ***See*** Trial Court Opinion, 4/19/22, at 2-3; ***Commonwealth v. Boniella***, 158 A.3d 162, 164 (Pa. Super. 2017) (noting that no remedy or exception applies when a *pro se* appellant fails to comply with a proper order to file a Rule 1925(b) statement).

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/11/2022</u>