J-A27020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARCUS A. HENRY, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOLLIE RHOADS, TIM MORRIS AND | : | No. 317 MDA 2022 |
| DIAKON ADOPTION AND FOSTER | : | |
| CARE | : | |

Appeal from the Order Dated January 25, 2022
In the Court of Common Pleas of Berks County Civil Division at No(s):
21-13213

BEFORE:    DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: AUGUST 2, 2023**

Marcus A. Henry, Jr. appeals from the order granting the preliminary objections of Hollie Rhoads, Tim Morris, and Diakon Adoption and Foster Care[1] ("Diakon") (together, "Appellees"), and dismissing his complaint. Henry has waived all issues by failing to file a timely Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii). We therefore dismiss the appeal.

Henry filed a *pro se* complaint alleging that Diakon placed his three biological children in foster care with Rhoads and Morris ("Foster Parents"), who made false statements about him, including that he had physically abused the children and violated a Protection from Abuse order. He alleged that

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellees' brief states that the party's name is "Diakon Child, Family, and Community Ministries."

Diakon was negligent for placing the children with Foster Parents. Appellees filed preliminary objections arguing, among other things, that they are immune under the Child Protective Services Law ("CPSL"), 23 Pa.C.S.A. § 6318(a)(2). The court sustained the preliminary objections and dismissed the complaint, and Henry appealed.

The court entered an order on March 1, 2022, directing Henry to file a Rule 1925(b) concise statement of errors complained of on appeal, within 21 days. *See* Pa.R.A.P. 1925(b).[2] The order advised Henry, "Any issue not included in a timely filed and served Statement of Errors Complained of on Appeal shall be deemed waived." Pa.R.A.P. 1925(b) Order, 3/1/22, at 1; *see* Pa.R.A.P. 1925(b)(3)(iv). The court did not receive Henry's statement within 21 days — that is, by March 22, 2022.[3] The trial court accordingly authored an opinion stating that Henry had waived all issues.

Two weeks later, on April 5, 2022, the trial court's prothonotary time-stamped and docketed Henry's Rule 1925(b) statement. The proof of service indicated Henry sent the statement to the court via U.S. Mail two days before the deadline, on March 20, 2022. Henry filed a "Motion to Clarify Delivery of

---

[2] The order is dated February 28, 2022, but a March 1, 2022, docket entry states that the prothonotary provided Rule 236 notice on March 1, 2022. The order was therefore "entered'" on March 1, 2022. *See* Pa.R.A.P. 108(b) (providing order is entered on date clerk notes in docket that notice of order has been given).

[3] *See* Pa.R.C.P. 106(a) ("When any period of time is referred to in any rule, such period in all cases . . . shall be so computed as to exclude the first and include the last day of such period"). March 22, 2022, did not fall on a weekend or holiday.

Appellant's Concise Statement of Errors" in this Court. He alleged that he first mailed the statement to the trial court on March 20, 2022, two days before the deadline, but the prothonotary sent it back to him, unfiled, demanding an $8.00 filing fee. Henry claimed he then returned the statement with the fee.[4]

Appellees argued for dismissal of the appeal based on Henry's untimely Rule 1925(b) statement. However, we determined that the date Henry filed the statement was the date it was first received by the prothonotary,[5] and that the resolution of this operative factual issue was not apparent on the face of the record. We therefore remanded the case to the trial court to determine whether the prothonotary had received and rejected the statement prior to the March 22 filing deadline. **See** Pa.R.A.P. 1925(c)(1); **Bank of New York Mellon v. Brooks**, No. 1362 EDA 2016, 2017 WL 1437521, unpublished memorandum at *3 and n.3 (Pa.Super. 2017) (remanding for determination of when prothonotary received Rule 1925(b) statement, even where prothonotary time-stamped and docketed the statement after the deadline, where proof of service stated appellant mailed the statement before the deadline). We retained jurisdiction.

---

[4] We denied the motion without prejudice.

[5] **See Mariano v. Rhodes**, 270 A.3d 521, 530 (Pa.Super. 2022) (if a prothonotary rejects civil pleadings filed within time limits, based on an initial failure to pay a filing fee, it does not affect the timeliness of the filing); **see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 226 nn.5, 6 (Pa.Super. 2014) (*en banc*) (when the appellant does not obtain a certificate of mailing, the date of filing is the date the prothonotary received the statement).

The trial court has since responded. It issued an order stating that it held a hearing at which the deputy prothonotary for the trial court testified and at which Henry had an opportunity to present rebuttal evidence. The court found that the prothonotary's office first received Henry's statement on March 23, 2022. *See* Order, 5/25/23, at 1.

We do not have discretion to entertain issues that were not included in a timely statement. ***Greater Erie Indus. Dev. Corp.***, 88 A.3d at 225. There is no exception to Rule 1925(b) for *pro se* litigants who miss the deadline by even one day. ***See Commonwealth v. Boniella***, 158 A.3d 162, 164 (Pa.Super. 2017). As the prothonotary of the trial court received Henry's statement one day after the March 22, 2022, deadline, it is untimely, and all issues are waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii). We accordingly dismiss the appeal.

Appeal dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/2/2023

- 4 -