**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NICHOLAS DUPREE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MORRIS HOUSER, WARDEN SCI-BENNER TOWNSHIP; UNIFIED JUDICIAL SYSTEM | : | No. 401 MDA 2023 |

Appeal from the Order Entered February 17, 2023
In the Court of Common Pleas of Centre County Civil Division at No(s):
2023-0337

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED JUNE 24, 2024**

Nicholas Dupree appeals from the order dismissing his *pro se* petition for a writ of *habeas corpus*. Dupree has also filed several additional motions before this Court. Dupree failed to comply with Pennsylvania Rule of Appellate Procedure 1925 and has thus waived his appellate issues. We therefore affirm the dismissal of Dupree's petition and deny relief on Dupree's other motions.

By way of background, Dupree was charged at docket number CP-51-CR-0000172-2010 in Philadelphia. He was convicted and sentenced, and he is currently serving his sentence in Centre County. On February 2, 2023, Dupree filed a petition for writ of *habeas corpus* in the Court of Common Pleas

---

[*] Former Justice specially assigned to the Superior Court.

of Centre County.[1]  Essentially, Dupree claimed that in 2017, he entered a contract with prison authorities and the Philadelphia Office of Judicial Records to obtain an accurate copy of the information in his criminal case.  The copy that Dupree received bore the signature of the acting district attorney in 2017, rather than the district attorney when Dupree was charged in 2010.  Dupree reasoned that the courts must accept the document that he received as true, which to Dupree meant that his charges are void.  Dupree thus argued that under principles of contract law and constitutional due process, his criminal proceeding was void, his judgment of sentence must be vacated, and he must be discharged.  The trial court dismissed the action as frivolous on February 17, 2023.  It noted that this Court had rejected a similar claim of Dupree's on appeal from the denial of his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541–9546.  ***See Commonwealth v. Dupree***, 237 A.3d 1040 (Table), 2020 WL 3057342, at *2–3 (Pa. Super. 2020) (non-precedential decision).

Dupree timely appealed.  The trial court directed Dupree to file a concise statement of matters complained of on appeal with the prothonotary and to serve the judge.  ***See*** Pa.R.A.P. 1925(b)(1).  Dupree mailed copies of his concise statement to both the trial judge and the president judge, but he did not send a separate copy to the prothonotary.  The trial court entered a Rule

---

[1] On appeal, Dupree has provided documentation that he delivered his petition to prison authorities for mailing on January 29, 2023.  Applying the prisoner mailbox rule to this case does not alter our disposition.

- 2 -

1925(a) statement noting that Dupree failed to file his concise statement. The court relied on its prior order to explain the reasons for dismissing Dupree's petition. This Court remanded to determine whether Dupree's concise statement should be accepted *nunc pro tunc*. The trial court entered an opinion concluding that it should not.

We find that Dupree has waived his issues by failing to comply with the trial court's order to file a concise statement of errors with the prothonotary. **Commonwealth v. Boniella**, 158 A.3d 162, 164 (Pa. Super. 2017). Furthermore, we agree with the trial court that Dupree has not set forth any extraordinary circumstances to justify the acceptance of his concise statement *nunc pro tunc*. **See Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001) (recognizing that equitable relief of a *nunc pro tunc* appeal is limited to extraordinary circumstances); **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) (requiring strict compliance with Rule 1925).

We turn to Dupree's remaining motions before this Court. On January 31, 2024, Dupree moved for vacatur and remand. On February 28, 2024, Dupree moved for summary judgment. Both motions request the same relief as in Dupree's brief, based on the appellees' failure to file a brief in this appeal. We deny both motions as meritless and/or moot.

Order affirmed. Dupree's outstanding motions denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/24/2024