J-A03021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF JOSEPH H. DAWSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: VIETA HYMANS | : | |
| | : | No. 1557 EDA 2024 |

Appeal from the Order Entered May 9, 2024
In the Court of Common Pleas of Northampton County Orphans' Court at
No(s):  4820-1198

BEFORE:  STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MAY 21, 2025**

Vieta Hymans ("Appellant") appeals *pro se* from the order granting a motion for surcharge. Appellee Steven Goudsouzian, Esquire, as the Administrator for the Estate of Joseph Dawson, has moved to dismiss the appeal for Appellant's failure to file a Pa.R.A.P. 1925(b) statement. We grant Appellee's application and dismiss the appeal.

The trial court set forth the background facts as follows:

> Joseph Dawson passed away on April 22, 2020. His sole beneficiary, and the executrix of his estate, was his daughter[,] Karin Dawson. Karin Dawson later passed away on March 24, 2021. The executor of Karin Dawson's estate is Attorney Steven Goudsouzian. Karin Dawson's two beneficiaries are her children, [Appellant] and David Collette. As a result of Karin Dawson's passing, [Appellant] was appointed on June 10, 2021 as the successor administratrix of the Estate of Joseph Dawson. She was later removed as administratrix, and Attorney Goudsouzian was appointed as administrator on June 20, 2023.

The principal asset of the Estate of Joseph Dawson was real property located at 518 Parsons Street, Easton, Pennsylvania. The property was listed for sale in October 2023 and sold in November 2023. The principal asset of the Estate of Karin Dawson is the proceeds of her father's estate, which was not finalized before her passing. It is therefore necessary for Joseph Dawson's estate to be settled prior to the settlement of Karin Dawson's estate and the distribution of those assets to [Appellant] and Mr. Collette as her beneficiaries.

Order of Court and Statement of Reasons, filed 5/9/24, at 1-2.

In January 2024, Appellee filed a motion for surcharge against Appellant alleging that from the time of Joseph Dawson's passing, Appellant had been residing in Joseph Dawson's home without paying rent and other expenses. *See* Motion for Surcharge, 1/10/24, at ¶¶ 11, 13, 15-17. Appellee therefore sought a surcharge against Appellant for unpaid rent, property taxes, and expenses that were deducted from the proceeds of the sale of the property.

Following a non-jury trial, the court granted Appellee's motion for surcharge, and Appellant timely appealed. The court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal ("Rule 1925(b) statement") within 21 days of the date of the order. *See* Order, 6/5/24. The order advised Appellant that "failure to comply with such direction shall be considered by the appellate court as a waiver of all objections to the order, ruling, or other matter complained of, pursuant to Pa.R.A.P. 1925(b)(4)." *Id.*

Appellant never filed a 1925(b) statement. The court noted the failing in its Pa.R.A.P. 1925(a) opinion and stated that as a result, it was "unable to

- 2 -

meaningfully address any of the errors Appellant may have perceived in our May 9, 2024 [o]rder." *See* Statement Pursuant to Rule 1925(a), filed 7/1/24, at 2.

Appellee filed an application in this Court to dismiss the appeal on the grounds that, *inter alia*, Appellant failed to preserve her issues on appeal because she did not file a Rule 1925(b) statement.[1] This Court deferred the decision of the application to dismiss to the instant panel. *See* Order, 11/1/24.

Appellant raises the following issues in her brief:

1. Did the Trial Court err in imposing a surcharge of $43,817.21 against Appellant despite the lack of an agreement to pay rent and evidence of Appellant's efforts to preserve the estate?

2. Did the Trial Court improperly conclude that Appellant breached her fiduciary duties, despite a lack of substantial evidence supporting such a finding?

3. Did the Trial Court err in its speculative calculation of rent and taxes, without considering Appellant's financial circumstances or the uninhabitable condition of the property?

4. Did the Trial Court fail to apply relevant legal provisions and case law concerning the fiduciary duties of an administrator?

Appellant's Br. at 3.

We do not reach the merits of Appellant's claims because Appellant's failure to file a Rule 1925(b) statement is fatal to her appeal. When a trial court orders an appellant to file a Rule 1925(b) statement, issues not included

_____

[1] Appellee raises the same issue regarding Appellant's failure to comply with Rule 1925(b) in its brief. *See* Appellee's Br. at 8-10.

in the statement are waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005). Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa.Super. 2020). The waiver rule for failure to conform with Rule 1925(b) applies equally to *pro se* appellants. *See Commonwealth v. Schofield*, 888 A.2d 771, 774-75 (Pa. 2005) (holding *pro se* appellant who failed to comply with Rule 1925(b) waived all issues); *Commonwealth v. Boniella*, 158 A.3d 162, 163-64 (Pa.Super. 2017) (holding *pro se* appellant's failure to file timely Rule 1925(b) statement waived all issues).

Here, Appellant did not file a 1925(b) statement. Although the trial court's docket states that Appellant filed a "concise statement of matters complained upon appeal" on June 25, 2024, that is not correct. The court noted, and our review of the record confirms, that Appellant filed four documents on that date, none of which were a Rule 1925(b) statement.[2] Since

_____

[2] The court described the four documents as follows:

> (1) a six-page July 29, 2023 letter to the Disciplinary Board of the Supreme Court of Pennsylvania regarding Attorney Steven N. Goudsouzian; (2) eight pages of undated notes titled "Presentation of Case to the Honorable Judge," appearing to be a recitation of facts and argument in the nature of a trial presentation; (3) a two-page undated letter "To Whom It May Concern" appearing to be a narrative of actions [Appellant] claims to have taken with respect to the

*(Footnote Continued Next Page)*

Appellant failed to comply with Rule 1925(b), all issues are waived, and we are precluded from reaching the merits. Accordingly, we dismiss the appeal.

Application to dismiss granted. Appeal dismissed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/21/2025

---

real property at issue in this case; and (4) a four-page unaddressed letter dated June 25, 2024, appearing to be a narrative of actions [Appellant] claims she took as the executrix of this estate and arguments regarding how she was allegedly wronged by Attorney Goudsouzian.

Statement Pursuant to Rule 1925(a) at 1-2.