J-S41039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAMES MOSLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER BAGNATO | : | No. 1048 EDA 2025 |

Appeal from the Order Entered March 28, 2025
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  220800472

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED DECEMBER 30, 2025**

James Mosley appeals *pro se* from the order granting a "Motion for Dismissal and/or Judgment on the Pleadings" and dismissing this matter with prejudice.[1] As he has failed to comply with his obligations under Pennsylvania Rule of Appellate Procedure 1925(b), we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that, notwithstanding the court's identification of what it believed it was ruling on, the relevant filing appears to be a motion for summary judgment filed by appellee, and defendant below, Christopher Bagnato. Nevertheless, there is further ambiguity in the record as there are two orders of court, one handwritten and one typed yet both with the same undersigned judge, dated December 12, 2024. The handwritten one denies an undefined "Motion/Petition" and erroneously refers to Mosley as the defendant. The court's typed filing in the record orders Mosley to, *inter alia*, file, within thirty days, an amended pleading in response to a motion for summary judgment and, if necessary, submit the appropriate certificate of merit, pursuant to Pennsylvania Rule of Civil Procedure 1042.3. On January 15, 2025, Bagnato electronically filed a letter with the court averring that Mosley had failed to

*(Footnote Continued Next Page)*

As gleaned from the record, Mosley filed a civil complaint against Bagnato in 2022 asserting that, in 2020, Mosley employed Bagnato as his attorney to represent him against "Wells Fargo Bank," but that somehow Bagnato ended up opening a Wells Fargo account in Mosley's name. **See** Complaint, 8/3/22. Several years later, following the completion of discovery, Bagnato filed a motion for summary judgment, which, *inter alia*, argued that although Mosley's complaint asserted a claim of legal malpractice, in effect contending that Bagnato deviated from an acceptable professional standard, it was deficient because it did not contain any certificate of merit. **See** Motion for Summary Judgment, 11/14/24, ¶¶ 2, 4, 6-7, 11; **see also** Pa.R.Civ.P. 1042.3. Although the court, on December 12, 2024, provided Mosley an additional thirty days to cure, *inter alia*, that alleged defficiency, he, nevertheless, failed to "identify the claim(s) to go to a jury and, if such claim(s) are for legal malpractice, to file the appropriate [c]ertificate of [m]erit, pursuant to Pa.R.C[iv].P. 1042.3." Order, 3/28/25, n.1. Therefore, Mosley's complaint was dismissed with prejudice.

After Mosley timely appealed this dismissal, the court, on May 2, 2025, ordered him to

> file of record and serve unto [the undersigned] judge, at 229 City Hall, Philadelphia, Pennsylvania, 19107, a concise statement of the error(s) complained of on appeal within twenty-one (21) days

---

comply with the typed order's obligations and further suggesting that his motion for summary judgment should be granted, which is expounded upon, *infra*.

of the entry of this [o]rder. Any issue not properly included in the [s]tatement timely filed and served pursuant to [Pennsylvania Rule of Appellate Procedure 1925](b) shall be deemed waived. Further, failure to comply with this [o]rder may be considered by the appellate court as a waiver of all objections to the order, ruling or other errors complained of in this appeal.

Order, 5/2/25. However, on June 9, 2025, we were informed by the court that Mosley "failed to file a 1925(b) statement." Letter from Trial Court, 6/9/25. That letter concluded: "[Mosley] has waived all issues on appeal[,] and [the trial court] submits that the instant appeal should be quashed." **Id.**

After our independent review of the docket, which establishes that notice of the court's May 2, 2025 order was provided to Mosley, but contains no corresponding Rule 1925(b) responsive statement, we agree with the court that Mosley's failure to file a Rule 1925(b) statement is fatal to his appeal.[2]

Our authority is clear: when a trial court orders an appellant to file a Rule 1925(b) statement, issues not included in that corresponding statement are waived. **See** Pa.R.A.P. 1925(b)(4)(vii). Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." **Fulano v. Fanjul Corp.**, 236 A.3d 1, 9 (Pa. Super. 2020) (citation omitted). Despite being *pro se*, Mosley's status does not confer any kind of special benefit; waiver still applies. **See, e.g.**, **Commonwealth v. Schofield**, 888 A.2d 771,

---

[2] We additionally note that Mosely has not argued *any* excuse for his failure to comply with the trial court's Rule 1925(b) order.

- 3 -

774-75 (Pa. 2005) (holding *pro se* appellant who failed to comply with Rule 1925(b) waived all issues); **Commonwealth v. Boniella**, 158 A.3d 162, 163-64 (Pa. Super. 2017) (holding *pro se* appellant's failure to file timely Rule 1925(b) statement waived all issues).

Accordingly, we conclude that Mosely's failure to file a Rule 1925(b) statement has resulted in wavier of all issues in this appeal. As such, we affirm the court's order dismissing his case with prejudice.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2025