J-S03008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN FRANCISCO | : | |
| | : | |
| Appellant | : | No. 1210 MDA 2025 |

Appeal from the Judgment of Sentence Entered July 31, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-SA-0000177-2025

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY DUBOW, J.:                **FILED: FEBRUARY 23, 2026**

Jonathan Francisco appeals *pro se* from the judgment of sentence entered after the Berks County Court of Common Pleas dismissed the summary appeal of four motor vehicle code convictions.  Because *pro se* Appellant did not file a timely Pa.R.A.P. 1925(b) statement as ordered, he waived appellate review.  We, thus, affirm the aggregate $650.00 judgment entered against him.

On February 4, 2025, Officer Andrew Dittman of the Wyomissing Police Department filed four summary traffic citations against Appellant.  On April 1, 2025, the magisterial district court ("MDC") held a summary trial, where Appellant appeared *pro se*.  The MDC found Appellant guilty of all charged

summary offenses.[1]  On May 1, 2025, Appellant *pro se* filed a notice of appeal with the court of common pleas seeking a trial *de novo* and the court scheduled a trial for July 31, 2025.  On July 25, 2025, Appellant *pro se* filed a notice to the court and objection to jurisdiction asserting a violation of his due process rights and that the court lacked jurisdiction.

On July 31, 2025, the Commonwealth moved for an order dismissing the summary appeal due to Appellant's failure to perfect the appeal in accordance with Pa.R.Crim.P. 460.  **See** N.T. Summary Appeal Hr'g, 7/31,25, at 2-4.  In response, Appellant argued that the court lacked jurisdiction over the proceeding and asserted that he did not consent to the proceedings.  In addition, he raised a claim of bad faith, challenged the authority of both the court and the prosecutor, and asserted violations of his rights under both the U.S. and Pennsylvania Constitutions, and the United States Code.  **Id.** at 5-7.  Following argument, the court granted the Commonwealth's motion, quashed the appeal, and entered judgment on July 31, 2025, in the aggregate amount of $650 for the motor vehicle violations.

Appellant *pro se* filed a "Motion Objecting Petition to Dismiss, Notice of Default and Related Documents," which the trial court deemed to be a notice

---

[1] Specifically, the magisterial district court found Appellant guilty of Driving While Operating Privilege is Suspended or Revoked-2nd offense, 75 Pa.C.S. § 1543(a); Driving an Unregistered Vehicle, 75 Pa.C.S. § 1301(a); Operating a Vehicle without the Required Financial Responsibility, 75 Pa.C.S. § 1786(f); and Operation of a Vehicle without Official Certification of Inspection, 75 Pa.C.S. § 4703(a).

of appeal and forwarded to this Court for docketing. On August 25, 2025, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement within 21 days, *i.e.*, by September 15, 2025.

On August 29, 2025, Appellant filed in the trial court a document entitled "Notice of Appeal," which the trial court forwarded to this Court and we assigned it docket number 1186 MDA 2025. However, on October 3, 2025, this Court issued a Rule to Show Cause ("RTSC"), asking why that appeal should not be dismissed as duplicative of the instant appeal. Appellant did not respond to the RTSC, and this Court dismissed the appeal docketed at 1186 MDA 2025.

On September 17, 2025, the trial court issued a Statement in Lieu of Opinion, noting that Appellant failed to file a Pa.R.A.P. 1925(b) Statement as ordered. On September 22, 2025, Appellant filed his *pro se* Rule 1925(b) Statement.

In his brief to this Court, *pro se* Appellant sets forth the following Statement of Questions Presented:

1. Whether the Commonwealth lacked standing where no injured party or property damage exists, violating Article III judicial power requirements.

2. Whether the proceeding constituted a bill of attainder and impaired the constitutional trust contract, in violation of U.S. Const, art. I, §§ 9-10 and Pa. Const, art. I, §§ 17-18.

3. Whether the Assistant District Attorney acted without lawful authority or filed without appearance under Pa. R. Crim. P. 574.

4. Whether statutory definitions of "driver," "motor vehicle," and "license" under 49 U.S.C. § 31301, 49 C.F.R. § 390. 5T, and 18 U.S.C. § 31 apply only to commercial activities, thereby excluding private travel.

5. Whether the ALPR stop violated the Fourth Amendment and Article I, §8 of the Pennsylvania Constitution.

6. Whether all evidence obtained thereafter must be suppressed as the fruit of the poisonous tree.

Appellant's Br. at 4-5.

"To preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. Any issues not raised in a [Rule] 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (citation omitted). Nevertheless, this Court may address the merits of an appeal where a defendant files an untimely Rule 1925(b) statement if the trial court had adequate opportunity and chose to prepare an opinion addressing the issue(s) raised on appeal. ***Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2008) (*en banc*). Although there are other circumstances where this Court may remand for the trial court to address an untimely counseled Rule 1925(b) Statement because the late filing is considered *per se* ineffective assistance of counsel, see Pa.R.A.P. 1925(c)(3), "our rationale for considering an untimely Rule 1925(b)

Statement disappears where it is filed by a *pro se* litigant." **Commonwealth**

**v. Boniella**, 158 A.3d 162, 164 (Pa. Super. 2017).[2]

Here, the docket reflects that *pro se* Appellant did not file a timely Rule

1925(b) statement, and the court did not address any of the issues raised in

his untimely statement. Appellant asserts that a "breakdown in the court"

should excuse his untimeliness. Specifically, in his *pro se* reply brief, Appellant

attempts to blame the trial court for deeming his *pro se* "Motion Objecting

Petition to Dismiss, Notice of Default and Related Documents," which he filed

on August 8, 2025, to be a notice of appeal. *See* Appellant's Reply Br. at 3-5

(unpaginated). He avers that after the trial court deemed the above motion

to be a notice of appeal and issued its Rule 1925(b) Order on August 25, 2025,

he filed an actual notice of appeal on August 29, 2025, and complains that

because the trial court did not enter another Rule 1925(b) order after he filed

that notice of appeal, his failure to comply with the August 25th Rule 1925(b)

order should be excused due to a breakdown in the trial court.

This argument merits no relief. Appellant does not deny that he received

the trial court's Rule 1925(b) order, nor does he deny that he failed to comply

with that order. Moreover, he has failed to provide us with any legal authority

---

[2] In **Boniella**, this Court concluded that because the *pro se* appellant filed his Rule 1925(b) statement one day late, he waived his issues for appellate review. **Id.**

to support his argument that the trial court's Rule 1925(b) order was a legal nullity.

Based on *Castillo* and *Boniella*, *supra*, we conclude Appellant waived appellate review.

Judgment of sentence affirmed.


Judgment Entered.


_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/23/2026