J-A01021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GUILIN WANG | : | |
| | : | |
| Appellant | : | No. 2993 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 4, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-SA-0000278-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED MARCH 6, 2024**

Guilin Wang appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas on November 4, 2022. We affirm.

On February 14, 2022, Bin Yang contacted the Plumstead Township police department complaining that Wang, his neighbor directly across the street, directed multiple LED floodlights toward his house. Following his investigation of the situation, Officer Robert Lawn issued a citation charging Wang with one count of disorderly conduct.

On June 8, 2022, the local Magisterial District Court in Bucks County found Wang guilty of disorderly conduct. Wang appealed the summary decision to the Court of Common Pleas of Bucks County. Pursuant to

---

[*] Retired Senior Judge assigned to the Superior Court.

Pennsylvania Rule of Criminal Procedure 462(11), the trial court held a *de novo* trial. On November 4, 2022, the trial court found Wang guilty of disorderly conduct under Pa.C.S.A § 5503(a)(4) and ordered him to pay a $300.00 fine and costs of prosecution.

On November 29, 2022, Wang filed a *pro se* notice of appeal. On April 14, 2023, this Court dismissed the appeal for failure to file a brief. Wang filed a motion for reconsideration of this dismissal, indicating he did not know a brief was required. On May 9, 2023, this Court entered an order vacating the dismissal of Wang's appeal and granting reinstatement of the appeal.

Following reinstatement of the appeal, the trial court issued an order on December 9, 2022, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), directing Wang to file and serve a concise statement of errors complained of on appeal; the statement was to be filed no later than twenty-one days after the date of the order. The order noted that any issue not properly included in the statement and timely filed and served would be deemed waived. **See** 1925(b) Order, 12/9/22. Wang subsequently filed two *pro se* motions to extend the deadline to file the concise statement. The trial court did not grant or deny either motion. On January 17, 2023, Wang filed a concise statement, well beyond the requisite 21-day period. On January 27, 2023, the trial court issued its Rule 1925(a) opinion, in which it stated Wang had waived all issues on appeal by filing an untimely concise statement. Nevertheless, the court attempted to address any substantive issues on the

merits that it could discern. The court did so despite finding the concise statement difficult to follow, and that it failed to properly identify discernible legal errors.

Preliminarily, we must address the consequences of Wang's untimely filing of his concise statement. Wang had until December 30, 2022, to file his statement but did not do so until over two weeks later. Further, the trial court never granted an extension of time.

In certain situations, we have found that "where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits." **Commonwealth v. Brown**, 145 A.3d 184, 186 (Pa. Super. 2016); **see also Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (en banc) ("[I]f there is an untimely filing, this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal"). However, we have since clarified the situations where this rationale may be applied:

> [W]e note that **Brown** and **Burton** apply to counseled defendants, rather than those proceeding *pro se*. This is because counsel can be considered to be ineffective *per se* for failing to file a timely Rule 1925(b) statement. **See** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc*[.]"). Accordingly, we consider untimely **counseled** Rule 1925(b) statements on the basis of judicial economy. **See** Pa.R.A.P. 1925(c)(3), cmt.

It is a longstanding principle that a *pro se* litigant cannot be ineffective on his or her own behalf. ***See Commonwealth v. Fletcher***, 986 A.2d 759, 773 (Pa. 2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness."). Accordingly, our rationale for considering an untimely Rule 1925(b) statement disappears where it is filed by a *pro se* litigant.

***Commonwealth v. Boniella***, 158 A.3d 162, 164 (Pa. Super. 2017). As Wang is proceeding *pro se* on appeal, we are constrained to find that Wang's issues in the instant appeal are waived.

In any event, Wang would not be entitled to relief even if his Rule 1925(b) statement had been timely filed. It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal. ***See Commonwealth v. Dowling***, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all").

In its 1925(a) opinion, the trial court found Wang waived his claims by filing an untimely concise statement. *See* Trial Court Opinion, 1/27/22, at 2. The trial court also noted that it found the concise statement difficult to follow, and that it failed to properly identify discernable legal errors. *See id*. The trial court was diligent in guessing and attempting to address the merits of the claim.[1] However, when an issue on appeal is so vague that the appellate court must guess at what it is, there can be no meaningful appellate review and the issue is waived. *See Dowling*, 778 A.2d at 686; *see also Commonwealth v. Heggins*, 809 A.2d 908, 912 (Pa. Super. 2002) (finding even if the trial court correctly guesses the issues an appellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived).

Further, after careful review, we conclude Wang's brief on appeal violates the Pennsylvania Rules of Appellate Procedure. The state of Wang's brief is such that we would not be able to conduct a meaningful review. "When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, this Court may, in its discretion, quash or dismiss the appeal pursuant to Rule 2101." *Giant Food Stores, LLC v. THF Silver Spring Development, L.P.*, 959 A.2d 438, 443 (Pa. Super. 2008) (citing Pa.R.A.P. 2101). Additionally,

> [w]hile this court is willing to liberally construe materials filed by a pro se litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our

---

[1] We commend the trial court in its attempt to understand Wang's filings.

- 5 -

supreme court has explained, any layperson choosing to represent herself in a legal proceeding must, to some reasonable extent, assume the risk that her lack of expertise and legal training will prove her undoing.

***Branch Banking and Trust v. Gesiorski***, 904 A.2d 939, 942 (Pa. Super. 2006) (citations omitted).

Here, Wang's brief violates the Rules of Appellate Procedure by failing to include a statement of the court's jurisdiction, this Court's scope and standard of review, a statement of the order in question, and a summary of his argument as required by Pa.R.A.P. 2111(a). Further, Wang fails to include a statement of place of raising or preservation of issues pursuant to Pa.R.A.P. 2117(c), and utterly fails to include citation to the record or discussion of and citation to authorities. ***See*** Pa.R.A.P. 2119(a), (c); ***see also Eichman v. McKeon***, 824 A.2d 305, 319 (Pa. Super. 2003) ("The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority."). Wang's argument is undeveloped and scattershot. This Court will not act as counsel and will not develop arguments on behalf of an appellant. ***See In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012). Due to these substantial defects, we find Wang's issues would be waived for this reason as well.

As we conclude Wang has waived his issues on appeal in more than one manner, we affirm the judgment of sentence. The appeal would have been dismissed had we not found waiver.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler

_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>3/06/2024</u>