J-A01014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IAN BRADLEY CORBIN II | : | |
| | : | |
| Appellant | : | No. 848 EDA 2022 |

Appeal from the Judgment of Sentence Entered January 26, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002562-2018

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

JUDGMENT ORDER BY LAZARUS, P.J.:           **FILED MARCH 20, 2024**

Ian Bradley Corbin appeals, *pro se*, from the judgment of sentence, entered in the Court of Common Pleas of Northampton County, following his bench trial before the Honorable Samuel P. Murray.[1]  The court convicted Corbin of driving under the influence, controlled substance-schedule 1,[2] driving while operator's privilege suspended or revoked,[3] and violation of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Following a colloquy addressing waiver of counsel, Corbin proceeded *pro se* at his bench trial.  **See** N.T. Waiver Colloquy, 11/29/21.  Further, following sentencing, the court notified Corbin of his post-sentence rights, which included the assistance of counsel.  **See** N.T. Sentencing Hearing, 1/26/22, at 8-10.

[2] 75 Pa.C.S.A. § 3802(d)(1)(i).

[3] **Id.** at § 1543(a).

safety hazard.[4]   Because Corbin has waived all claims on appeal for failure to file a timely Pa.R.A.P. 1925(b) statement, we affirm.

On January 26, 2022, the trial court sentenced Corbin to three days to six months' imprisonment, suspended his license for one year, and fined him $1,225.00.   Corbin filed a *pro se* notice of appeal on February 28, 2022.[5]

Nevertheless, Corbin is not entitled to review of the merits of his appeal. On March 3, 2022, the trial court entered an order directing Corbin to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within twenty-one (21) days.[6]   Corbin's *pro se* Rule 1925(b) statement was due on March 24, 2022.[7]   Though dated March 21, 2022, Corbin did not file his

---

[4] *Id.* at § 4305(a).

[5] Corbin is currently incarcerated in Lehigh County.  Pursuant to the prisoner mailbox rule, Corbin's notice of appeal, postmarked February 25, 2022, was timely filed. *See* Pa.R.A.P. 121(f) (*pro se* filing submitted by person incarcerated in correctional facility deemed filed as of date of prison postmark or date filing was delivered to prison authorities for purposes of mailing as documented by properly executed prisoner cash slip or other reasonably verifiable evidence). *See also Commonwealth v. Jones*, 700 A.2d 423 (Pa. 1997); *Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278 (Pa. 1996).

[6] As required by Rule 1925(b), the order specified: (1) the number of days after the date of the court's order within which the appellant must file and serve the statement; (2) that the statement shall be filed of record; (3) that the statement shall be served upon the judge; and (4) that any issue not included in the statement shall be deemed waived. *See* Pa.R.A.P. 1925(b).

[7] On March 21, 2022, Corbin filed a motion for extension of time to file his Rule 1925(b) statement.  Included  in the record is an envelope addressed  to the Northampton County Clerk of Courts, postmarked March 17, 2022.  Rule 1925(b)(2)(ii) states that a party may request an extension of the deadline to
*(Footnote Continued Next Page)*

statement until March 28, 2022, and Corbin provided no documentation to demonstrate when he mailed that statement, so as to prove that it was timely under the prisoner mailbox rule. *See Commonwealth v. Crawford*, 17 A.3d 1279, 1281 (Pa. Super. 2011) (under prisoner mailbox rule, *pro se* document deemed filed on date it is placed in hands of prison authorities for mailing."). *See* Pa.R.Crim.P. 131(f).[8] "[F]ailure to comply with the minimal requirements of [Rule] 1925(b) will result in automatic waiver of the issues raised." *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (en banc) (emphasis and citation omitted). In addition, when an appellant proceeds *pro se*, we recognize no remedy or exception for failure to timely file a Rule 1295(b) statement. *See Commonwealth v. Boniella*, 158 A.3d 162, 164 (Pa. Super. 2017) (this Court found waiver of all issues where *pro se* appellant filed court-ordered

_____

file the Rule 1925(b) statement until 21 days following the date of entry on the docket of the transcript in accordance with Pa.R.A.P. 1922(b), but "[t]he party must attach the transcript purchase order to the motion for the extension." Pa.R.A.P. 1925(b)(2)(ii). The trial court noted that Corbin's motion was not filed in conformance with this rule. We, therefore, agree with the trial court's determination that Corbin's Rule 1925(b) statement was untimely filed. *See* Trial Court Opinion, 4/29/22, at 5-7. We also note that Corbin's 33-page statement reads more like a brief than a proper Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b)(4)(iv) ("The Statement should not be redundant or provide lengthy explanations as to any errors.").

[8] On May 3, 2022, this Court remanded to the trial court for a *Grazier* hearing. *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). Following the hearing, the trial court appointed Corbin's prior standby counsel as appellate counsel for Corbin for this appeal. Appellate counsel has filed a brief on behalf of Corbin. *See* Order, 5/19/22.

1925(b) statement one day late even though trial court addressed issues; this Court's rationale for remanding "disappears where it is filed by *pro se* litigant because *pro se* litigant cannot be ineffective on his or her own behalf."). ***See also Elliot-Greenleaf, P.C. v. Rothstein***, 255 A.3d 539, 542 (Pa. Super. 2021) (although we are "willing to liberally construe" an appellant's *pro se* filings, an "appellant is not entitled to any particular advantage because he lacks legal training." (citation and brackets omitted)).

Here, like in ***Boniella***, "we are constrained to find that [Corbin's] issues are waived in the instant matter." ***Boniella***, 158 A.3d at 164. ***See also Commonwealth v. Ramos***, 239 A.3d 100 (Pa. Super. 2020); ***cf.*** Pa.R.A.P. 1925(c)(3) (procedure where criminal defendant's counsel is deemed ineffective for failing to timely file Rule 1925(b) statement). Accordingly, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/20/2024