J-A29015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROYCE LAVELLE CORLEY | : | |
| | : | |
| Appellant | : | No. 423 WDA 2024 |

Appeal from the Order Entered February 22, 2024
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-SA-0000003-2024

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:             **FILED: January 22, 2025**

Appellant, Royce Lavelle Corley, appeals *pro se* from the judgment of sentence entered February 22, 2024. We affirm.

On December 21, 2023, Appellant was found guilty of violating Section 6110(a) of the Motor Vehicle Code ("MVC")[1] following a summary trial held before the magisterial district court. Appellant appealed his summary conviction to the Bedford County Court of Common Pleas on January 16, 2024. A summary appeal hearing was held on February 22, 2024,[2] after which the trial court also found Appellant guilty of violating Section 6110(a) of the MVC and ordered him to pay costs and a $25.00 fine. Appellant filed a timely notice

---

[1] 75 Pa.C.S.A. § 6110(a).

[2] Appellant proceeded *pro se* at the February 22, 2024 summary appeal hearing.

of appeal to this Court on March 21, 2024. Thereafter, on April 11, 2024, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal within 21 days, pursuant to Pa.R.A.P. 1925(b). ***See*** Trial Court Order, 4/11/24, at *1 (unpaginated). Appellant filed his 1925(b) statement on May 6, 2024.

Appellant raises the following issues for our consideration.

1. [Whether Appellant] was denied [a] proper defense [because the] dashcam evidence [was] discarded by law enforcement[?]

2. [Whether the imposition of] costs and fees being over 500[%] of the $25[.00] statutory fine constitutes excessive fines in violation of the Eighth Amendment[?]

Appellant's Brief at 2 (unnecessary capitalization omitted).

Before we address the merits of Appellant's claims, we must determine whether he preserved his appellate issues for our review. Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure provides, in relevant part, as follows:

> **(b) Direction to File Statement of Errors Complained of on Appeal; Instructions to the Appellant and the Trial Court**. If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> ***
>
> **(2) Time for filing and service.**

> (i) The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement[.]

> \*\*\*

> **(4) Requirements; waiver.**

> \*\*\*

> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(2)-(4). This Court has consistently held that the "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." ***Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted); ***see also Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (explaining that an untimely concise statement waives all claims on appeal); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward ... [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

Herein, Appellant filed his notice of appeal on March 21, 2024. On April 11, 2024, the trial court ordered Appellant to file a concise statement within 21 days as permitted by Pa.R.A.P. 1925(b). Trial Court Order, 4/11/24, at *1 (unpaginated). The order also informed Appellant that "[a]ny and all issues not contained in the [s]tatement of [m]atters [c]omplained of on [a]ppeal

- 3 -

and/or not served in accordance with Pa.R.A.P. 1925(b)(1) shall be deemed waived." *Id.* A review of the trial court docket reveals that the clerk of court forwarded the trial court's 1925(b) order to Appellant on April 12, 2024. Hence, Appellant needed to file his concise statement on or before May 3, 2024. *See* Pa.R.A.P. 108(a)(1) ("Except as otherwise prescribed in this rule, in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties[.]"). Appellant, however, did not file his concise statement until May 6, 2024. Thus, Appellant's concise statement is untimely, which precludes us from addressing his current claims on appeal.[3] We therefore affirm Appellant's judgment of sentence.

Judgment of sentenced affirmed.

---

[3] Since Appellant proceeded *pro se* before the trial court at his summary appeal hearing, Appellant may not invoke Pa.R.A.P. 1925(c)(3), which permits this Court to extend relief where the untimely filing of a concise statement results from *per se* ineffective assistance of counsel. *See* Pa.R.A.P. 1925(c)(3); *Commonwealth v. Boniella*, 158 A.3d 162, 164 (Pa. Super. 2017) (holding that Pa.R.A.P. 1925(c)(3) was inapplicable to the appellant, a *pro se* litigant, and, as such, his failure to file a timely concise statement resulted in waiver).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 01/22/2025