J-S14016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                               :  PENNSYLVANIA
                                               :
                v.                       :
                                               :
                                             :
JACOB K. AMENUVOR                :
                                             :
               Appellant       :  No. 2672 EDA 2024

Appeal from the PCRA Order Entered September 19, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001859-1999

BEFORE:  DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:  **FILED APRIL 28, 2025**

Appellant, Jacob K. Amenuvor, appeals *pro se* from the September 19, 2024 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  Because Appellant failed to file a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, he has waived all issues for review.  ***See*** Pa.R.A.P. 1925(b)(4)(vii).  Accordingly, we affirm.

The facts and procedural history of this matter are largely immaterial to our disposition.  Relevantly, on November 29, 2000, a jury convicted Appellant of Robbery, Second-Degree Murder, two counts of Recklessly Endangering Another Person, Criminal Trespass, and Firearms Not to be Carried Without a License.  On January 31, 2001, the trial court sentenced Appellant to a term

_____

[*] Former Justice specially assigned to the Superior Court.

of life imprisonment followed by 13½ to 30 years of incarceration. Appellant subsequently filed an unsuccessful direct appeal followed by three unsuccessful petitions for post-conviction relief.

On August 19, 2024, Appellant filed the instant PCRA petition, his fourth. On August 23, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. On September 19, 2024, the PCRA court dismissed the petition as untimely.

On December 5, 2024, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. On December 24, 2024, the Monroe County prothonotary docketed a letter, dated December 14, 2024, and addressed to the Monroe County "clerk" in which Appellant requested additional time to file a Rule 1925(b) statement. According to the PCRA court, the clerk of courts "rejected this filing as it was not in the form of a motion." PCRA Court Op., 12/30/24, at 1. Our review of the record indicates that Appellant did not file a motion for extension of time to file a Rule 1925(b) statement or any Rule 1925(b) statement, timely or untimely.[1]

When a trial court orders an appellant to file a Rule 1925(b) statement, issues not included in the statement are waived. **See** Pa.R.A.P. 1925(b)(4)(vii); ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005). It is imperative that an appellant comply with the Rule, as the statement is

---

[1] Nevertheless, the PCRA court filed a Rule 1925(a) opinion directing this Court to its September 19, 2024 order explaining that Appellant's petition was untimely and Appellant failed to plead and prove the applicability of one of the exceptions to the PCRA's time-bar.

"intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal[, and] is thus a crucial component of appellate process." ***Commonwealth v. McBride***, 957 A.2d 752, 758 (Pa. Super. 2008). The bright-line application of waiver for failure to conform with Rule 1925(b) applies to *pro se* appellants with equal force. ***See***, ***e.g.***, ***Commonwealth v. Schofield***, 888 A.2d 771, 773-75 (Pa. 2005) (holding *pro se* appellant who failed to comply with Rule 1925(b) waived all issues); ***Commonwealth v. Boniella***, 158 A.3d 162, 163-64 (Pa. Super. 2017) (holding *pro se* appellant's failure to file timely Rule 1925(b) statement waived all issues). As Appellant failed to file a Rule 1925(b) statement though ordered to do so by the PCRA court, we are precluded from reaching the merits of any issues and, thus, affirm the order of the court below.[2]

Order affirmed

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/28/2025

---

[2] Moreover, even if Appellant had not waived his issues on appeal, he would not be entitled to relief. Our review confirms that the record supports the PCRA court's determination that, although Appellant invoked the newly-discovered facts exception to the PCRA's time-bar, 42 Pa.C.S. § 9545(b)(1)(ii), he failed to prove its applicability. His fourth PCRA petition was, therefore, untimely and neither the PCRA court, nor this Court, has jurisdiction to review the merits of the claims raised therein.