J-S07018-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID F. SZABO :
:
Appellant : No. 494 MDA 2025

Appeal from the Judgment of Sentence Entered January 14, 2025
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-SA-0079-2024

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

JUDGMENT ORDER BY OLSON, J.:               **FILED: MARCH 31, 2026**

Appellant, David F. Szabo, appeals *pro se* from the judgment of sentence entered on January 14, 2025.  We affirm.

On September 10, 2024, Appellant was found guilty of defiant trespass following a summary trial held before the magisterial district court.[1]  On September 26, 2024, Appellant appealed his summary conviction to the Centre County Court of Common Pleas.  The trial court held a summary appeal hearing on November 21, 2024 and January 14, 2025.  On January 14, 2025, the trial court also found Appellant guilty of defiant trespass.  This appeal followed.

Before we address the merits of Appellant's claims, we must determine whether he preserved his appellate issues for our review. Rule

---

[1] 18 Pa.C.S.A. § 3503(B)(1)(i).

1925(b) of the Pennsylvania Rules of Appellate Procedure provides, in relevant part, as follows:

> (**b) Direction to File Statement of Errors Complained of on Appeal; Instructions to the Appellant and the Trial Court**.  If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> ***
>
> **(4) Requirements; waiver**.
>
> ***
>
> > (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4).  This Court has consistently held that the "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised."  *Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (citation omitted); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (explaining that an untimely  concise statement waives all claims on appeal); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward ... [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925.  Any issues not raised in a 1925(b) statement will be deemed waived.").

Herein, Appellant filed his notice of appeal on January 31, 2025. That same day, the trial court ordered Appellant to file a concise statement of errors complained of on appeal within 21 days as permitted by Pa.R.A.P. 1925(b). Trial Court Order, 1/31/25, at *1 (unpaginated). The order also informed Appellant that "any issue not properly included and specifically addressed in the timely filed statement shall be deemed waived." **Id.** A review of the trial court docket reveals that the clerk of court forwarded the trial court's 1925(b) order to Appellant on February 3, 2025. Hence, Appellant needed to file his concise statement on or before February 24, 2025. **See** Pa.R.A.P. 108(a)(1) ("Except as otherwise prescribed in this rule, in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties[.]"). Appellant, however, did not file his concise statement until February 25, 2025.[2] Thus, Appellant's concise statement is untimely, which

_____

[2] Appellant's Rule 1925(b) concise statement was timestamped as having been received by the trial court on February 25, 2024. The concise statement, however, is self-dated for February 14, 2025. Because Appellant is not incarcerated , the "prisoner mailbox rule" is inapplicable to the instant matter. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (explaining that, pursuant to the "prisoner mailbox rule," a document is deemed filed on the date an **inmate** deposits the mailing with prison authorities or places it in the prison mailbox).

precludes us from addressing his current claims on appeal.[3]  We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.  Motion to quash denied.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/31/2026

_____

[3]  Since Appellant proceeded *pro se* before the trial court at his summary appeal hearing, Appellant may not invoke Pa.R.A.P. 1925(c)(3), which permits this Court to extend relief where the untimely filing of a concise statement results from *per se* ineffective assistance of counsel.  **See** Pa.R.A.P. 1925(c)(3); **Commonwealth v. Boniella**, 158 A.3d 162, 164 (Pa. Super. 2017) (holding that Pa.R.A.P. 1925(c)(3) was inapplicable to the appellant, a *pro se* litigant, and, as such, his failure to file a timely concise statement resulted in waiver).